**CAPITAL BANK, Appellant,**

v.

**AMERICAN EYEWEAR, INC., Appellee.**

**No. 20174.**

Court of Civil Appeals of Texas, Dallas.

Feb. 19, 1980.

Rehearing Denied March 18, 1980.

C. Rodney Acker, Jenkens & Gilchrist, Dallas, for appellant.

Michael R. Cooper, Cooper, Hayner, Miller & Long, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

In this suit for a declaratory judgment, the trial court, without a jury, found that a certain document bearing the signatures of both parties was a valid and binding lease to plaintiff American Eyewear, Inc. from defendant Capital Bank. The bank appeals on several grounds, of which we consider only two. We hold that the document is not effective as a lease under the Statute of Frauds, Tex.Bus. & Comm.Code Ann. § 26.-01 (Vernon 1968), because the substance of the document was changed after it was signed by the bank's president, and the

bank's agreement to the lease terms as changed was oral. We hold also that there is no evidence of the authority of the bank's president to execute the lease. Accordingly, we reverse and render judgment declaring that the document is not an effective lease.

*Facts*

The controlling facts are undisputed. The bank held a lease on a building which plaintiff Eyewear desired to sublease. Eyewear employed brokers, who prepared a draft of a sublease and submitted it to the bank's president, Marvin Hancock. The draft provided for a term of ten years and an option to renew for a like term, but contained no description of the property. Hancock made several changes in the document, including insertion of a reference to "Exhibit 'A' attached" in the blank provided for description of the property. No exhibit was attached, however. Hancock then signed the document and delivered it to the brokers, who took it back to Eyewear. An officer of Eyewear initialed the changes made by Hancock, but made three other changes. He struck out the reference to "Exhibit A," and inserted a description of the property as part of a block in a certain subdivision "together with all improvements thereon, better known as 2900 Mockingbird Lane, Dallas, Texas."[1] He also changed the beginning date of the lease from December 1, 1978 to January 1, 1979, and inserted the following provision: "Guarantors shall be relieved of liability under the agreement if Landlord consents to a voluntary assignment of the lease." With these changes, the document was executed by Eyewear's officer, signed by two guarantors, and returned to the bank, but the bank never gave any written indication of its assent to these changes.

At the trial, one of the brokers was permitted to testify, over the bank's objection, that after the proposed lease was returned to the bank, he had a telephone conversa-

---

1. No contention is made on this appeal that this description was not sufficient to identify the property.

tion with Hancock, the bank president, in which Hancock said they "had a deal" and that the contract could be picked up the next day. Later, however, Hancock notified them that the bank's board of directors had not approved it.

Among other defenses, the bank pleaded that plaintiff's suit is barred by the Statute of Frauds because it seeks to enforce an oral lease for a term greater than one year and also pleaded that approval of the board of directors was required before execution of the alleged lease, but no such approval was given. On this appeal, the bank complains that the trial court erred in overruling these defenses.

### Statute of Frauds

■ In support of the judgment, Eyewear argues that even though the bank's final acceptance was oral, the document in question satisfies the Statute of Frauds because it recites in writing the nature of the contract and is signed by the party to be charged. We do not agree. In our view, when Eyewear made changes in the lease form executed by the bank and sent it back to the bank, it became a counter offer by Eyewear which was not binding on the bank without the bank's acceptance of such counter offer. *Quaile v. McArdle*, 244 S.W.2d 695, 697 (Tex.Civ.App.—San Antonio 1951, writ ref'd n. r. e.); *Liquids Dispatch Line v. Texas Power & Light Co.*, 6 S.W.2d 169, 170 (Tex.Civ.App.—Dallas 1928, writ ref'd).

■ The document was not offered in evidence as a memorandum signed by both parties, but as a counter proposal. Proof was then offered and admitted of the bank's oral acceptance. In this situation, the document had the same status as if Hancock had never signed it because, for the purpose of the Statute of Frauds, the signature of the "person to be charged" is the act which authenticates the document as reliable evidence of that person's agreement to the transaction. *Gruss v. Cummins*, 329 S.W.2d 496, 500 (Tex.Civ.App.—El Paso 1959, writ ref'd n. r. e.); *see Adams v. Abbott*, 151 Tex. 601, 254 S.W.2d 78, 80

(1952). If changes have been made so that the signature no longer provides such evidence, to admit proof of an oral agreement to be bound by it would frustrate the purpose of the statute because the existence of the agreement would then depend on the recollection of witnesses concerning what the parties are alleged to have said at the time of the transaction. *See Robertson v. Melton*, 131 Tex. 325, 115 S.W.2d 624, 626–27 (1938). Consequently, we hold that the trial court erred in holding that the document in question is a valid and binding lease.

This conclusion is consistent with all of the authorities cited by Eyewear. For example, *San Antonio Joint Stock Land Bank v. Malcher*, 164 S.W.2d 197 (Tex.Civ.App.—San Antonio 1942, writ ref'd w. o. m.) involved an option signed by both parties, and the court held that the purchaser's oral acceptance was not required by the Statute of Frauds. That case does not stand for the rule that signature of the person to be charged is not required on the particular document sought to be enforced. Neither is this case comparable to cases like *Rubin v. Polunsky*, 366 S.W.2d 234 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.) and *Reeves Furniture Co. v. Simms*, 59 S.W.2d 262 (Tex.Civ.App.—Texarkana 1933, writ dism'd), in each of which the lessee went into possession and paid rent for several months under a lease signed and delivered by the lessors. The lessees were held liable for a balance of the rent on the theory that the lease was, in fact, "executed" rather than executory on the part of the lessors, and, consequently, a written acceptance by the lessee was not required by the Statute of Frauds.

■ These cases do not support Eyewear's contention that oral acceptance by the bank was sufficient to complete a binding contract. Even if orally agreed to by the bank, the contract was wholly executory, since no consideration was paid, possession was not delivered, and the document as amended was never delivered to Eyewear

as a present transfer of an interest in land.[2] The statute bars a suit on an executory contract for the sale of land or for a lease for a larger term than one year unless it is in writing and signed by the person against whom enforcement is sought. *Morris v. Gaines*, 82 Tex. 255, 17 S.W. 538, 539 (1891); *Moore v. Powell*, 6 Tex.Civ.App. 43, 25 S.W. 472, 474 (1894, writ ref'd). This result follows from the language of the statute requiring the writing on which the suit is brought to be "signed by the person to be charged." *Clegg v. Brannan*, 111 Tex. 367, 234 S.W. 1076, 1078 (1921); *see American Nat'l Ins. Co. v. Warnock*, 131 Tex. 457, 114 S.W.2d 1161, 1164 (1938).

We recognize decisions to the effect that an oral acceptance by the party seeking enforcement is effective if a sufficient writing is signed by the party against whom enforcement is sought. *Street v. Johnson*, 96 S.W.2d 427, 429 (Tex.Civ.App.—Amarillo 1936, no writ); *see Ford v. Culbertson*, 158 Tex. 124, 308 S.W.2d 855, 856 (1958). Nevertheless, in this case, the alleged lease in its amended form was never signed by the bank, against whom enforcement is now sought. Consequently, the explicit prohibition of the Statute of Frauds applies.

■ Moreover, the amended document was admittedly a counter proposal rather than a memorandum containing terms already agreed on. Consequently, the case falls within the rule that if the writing, whatever its form, is really a mere proposal, it can be enforced only if it is accepted in writing. *American Nat'l Ins. Co. v. Warnock*, 131 Tex. 457, 114 S.W.2d 1161, 1164 (1938) (quoting *Patton v. Rucker*, 29 Tex. 402, 408 (1866)); *Hill v. Rich*, 522 S.W.2d 597, 601 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.).

■ Neither can any support for Eyewear's contention be found in general statements, such as that in *Castrejana v. David-*son, 549 S.W.2d 466, 468–69 (Tex.Civ.App.—Austin 1977, no writ), that the Statute of Frauds may not be employed to bring about the fraud it was designed to prevent. This principle applies in cases of part performance, but not to cases in which no equitable ground for enforcement is established other than breach of the oral agreement. *Meyer v. Texas Nat'l Bank of Commerce*, 424 S.W.2d 417, 419 (Tex.1968).

### *Authority of Bank's President*

■ We conclude that the trial court also erred in holding that the approval of the bank's board of directors was not required. Eyewear argues that the board's approval was not required because no such condition precedent was contained in the contract. This argument assumes that Hancock had authority to execute the lease on behalf of the bank without approval of its board of directors unless the lease provided otherwise. Counsel for Eyewear attempts to justify this assumption on the ground that Hancock was the bank's president. We find no support in the law for this assumption. The authority to manage a corporation's affairs is vested in its board of directors, and the authority of the president to contract on its behalf must be found either in specific statutes, in the organic law of the corporation, or in a delegation of authority from the board of directors. *Templeton v. Nocona Hills Owners Ass'n*, 555 S.W.2d 534, 537 (Tex.Civ.App.—Texarkana 1977, no writ). The president has no inherent powers by virtue of his office to bind the corporation except as to routine matters arising in the ordinary course of business. *Id.* at 558. There is no proof here that the execution of a long-term lease on the bank's property was a matter of routine or a duty that Hancock customarily performed in the ordinary course of business without specific authority from the board. In view of the bank's pleading that

---

2. No contention is made here that the alleged lease is invalid under the Statute of Conveyances, Tex.Rev.Civ.Stat.Ann. art. 1288 (Vernon 1962), which provides that no estate for a term of more than one year shall be conveyed "unless the conveyance is declared by an instrument in writing, subscribed and delivered by the party disposing of the same." Consideration of that statute would also lead to the conclusion that this alleged lease never became effective.

approval of the board was required, Eyewear had the burden to prove the authority of the president to execute the lease as an officer of the bank.[3] Declarations of the president at the time of the transaction that he had such authority are not competent proof. *Greenville Gas & Fuel Co. v. Commercial Finance Co.*, 117 Tex. 124, 298 S.W. 550, 552 (1927). Neither is there any evidence here of apparent authority, which requires evidence of conduct by the principal which estops him from denying the authority of the alleged agent. *Chastain v. Cooper & Reed*, 152 Tex. 322, 257 S.W.2d 422, 427 (1953); *Harrison v. Life Ins. Co. of Virginia*, 121 S.W.2d 451, 454–55 (Tex.Civ. App.—Dallas 1938, writ dism'd). Consequently, in addition to non-compliance with the Statute of Frauds, we hold that the document in question is not a valid lease because there is no proof of the president's authority to execute it on behalf of the bank.

### Judgment

The judgment of the trial court is reversed and judgment is rendered that the document in question is not a valid and binding lease. Costs are taxed against Eyewear except the cost of the transcript, which is taxed against the bank because of inclusion of various documents, including superseded pleadings, which have no pertinency to this appeal.

Reversed and rendered.

---

3. The bank's plea of lack of authority was not sworn, as required by Tex.R.Civ.P. 93(h). Since this defect was not raised either in the trial court or in this court, we regard it as waived. *Curry v. Grizzaffi*, 466 S.W.2d 835, 836 (Tex.Civ.App.—Dallas 1971, no writ).