Hilda **CISNEROS**, et al., Appellants,

v.

**CENTRAL POWER & LIGHT CO., Appellee.**

No. 13–97–678–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 18, 1999.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice YAÑEZ.

Appellant Hilda Cisneros sued appellee Central Power & Light Company (CP & L) alleging that the negligence of CP & L resulted in the death of her husband. CP & L moved for summary judgment, arguing that it owed no duty to Cisneros under its operating tariff because the injury was caused by defects in wiring inside the customer's home, and because the injury resulted from electric current on the customer's premises. Summary judgment was granted in favor of CP & L, and Cisneros appealed. We affirm.

The standard of review in a summary judgment case is well-established:

1.  The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2.  In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3.  Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

Guadalupe Cisneros was electrocuted and died while trying to fix a water leak beneath his home. Each party included an expert's affidavit explaining the cause of the accident with its summary judgment pleadings. CP & L's expert stated that the accident was caused by improper wiring inside Cisneros's home. Cisneros's expert stated that the injury resulted from the lack of a grounding rod at Cisneros's home, which caused a short in the weather head. Both the weather head and the place where there should have been a grounding rod are located on CP & L's side of the customer's meter.[1] Cisneros's expert also opined that CP & L should have conducted a sufficient inspection of

---

1.  At oral argument before this Court, CP & L stated that the weather head is supplied by the customer, not CP & L. However, this contention is not supported by anything in the record. To the contrary, Cisneros's expert stated "Central Power and Light Company had a duty to make sure that their wiring to the Cisneros home was in good working order, which it was not." Because this expert specifically identified defects in the weather head as the cause of the accident, and then referred generally to Central Power and Light's wiring as not in "good working order," the record before us indicates only that the weather head was CP & L's responsibility.

Cisneros's home to notice the absence of a grounding rod, and then should have refused to connect electricity to the house.

■ CP & L's argument that it owed no duty to Cisneros under the facts of this case depends on the operating tariff filed with the Public Utility Commission. The tariff is a document which lists a public utility's services and the rates for those services. *Henderson v. Central Power and Light Co.*, 977 S.W.2d 439, 447 (Tex. App.—Corpus Christi 1998, pet. denied); *Southwestern Bell Telephone Co. v. Metro–Link Telecom, Inc.*, 919 S.W.2d 687, 691 (Tex.App.—Houston [14th Dist.] 1996, writ denied). Unless found to be unreasonable, filed tariffs govern a utility's relationship with its customers and have the force and effect of law. *Id.* The tariff passage relied on by CP & L in this case states:

> The Company [CP & L] does not assume any duty of inspecting the Customer's wiring, apparatus, machinery, or equipment, and will not be responsible therefor. It is particularly understood that the Customer assumes full responsibility for electric current, and for the wires, apparatus and appurtenances used in connection therewith, upon Customer's premises ... and will protect, indemnify and save Company harmless from all claims for injury, including death, or damage to person or property occurring upon Customer's premises, ... even if due to Company's negligence, whether sole or joint and concurrent with the negligence of Customer or third parties, occasioned by such electric current or said wires, apparatus, or appurtenances.

■ Cisneros contends that the affidavit of her expert raises a fact issue concerning whether the injury was caused by a defect in the customer's wiring or in CP & L's wiring. We agree. However, the tariff not only excludes CP & L from liability for injuries resulting from defects in the customer's wiring, it also excludes liability for "electric current ... upon the customer's premises" and indemnifies CP & L from "all claims for injury, including death or damage to a person or property occurring upon Customer's premises." It is undisputed that the electric current was located, and the injury occurred, on Cisneros's premises. Therefore, under the facts of this case and terms of the tariff, CP & L owed no duty to Cisneros.

■ Cisneros also argues that interpreting the tariff in a manner that imposes no duty on CP & L under the facts of this case is against public policy. Even though a tariff is approved by the Public Utility Commission, it is still "subject to review for reasonableness by the courts in actual damage or tort claims." Application of Central Power & Light Company for Approval of Tariff Amendment, Docket No. 3198, 1981 WL 178870, *3, 1981 Tex. PUC LEXIS 247, *10 (June 22, 1981); *Southwestern Bell Tel. Co. v. Vollmer*, 805 S.W.2d 825, 829 (Tex.App.—Corpus Christi 1991, writ denied); *Southwestern Bell Tel. Co. v. Reeves*, 578 S.W.2d 795, 798 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).[2] However, Cisneros failed to make any argument regarding public policy or the reasonableness of the tariff in its response to the motion for summary judgment. Issues not expressly presented to the trial court in the response to the motion for summary judgment may not be considered on appeal as grounds for reversal. Tex.R. Civ. P. 166a(c); *McConnell v. Southside Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 674–75 (Tex.1979). Therefore the issue of

---

2. The standards for reviewing the reasonableness of utility tariffs set out in *Reeves* were criticized by the Texas Supreme Court in *Houston Lighting & Power Co. v. Auchan U.S.A.*, 995 S.W.2d 668, 671–72 (Tex.1999). However, *Auchan* did not expressly overrule *Reeves*, nor did it specify how the analysis in *Reeves* should be improved. *Auchan* did devote several pages to a discussion of whether the tariff at issue in that case was reasonable, from which we infer that some sort of reasonableness analysis remains appropriate.

the reasonableness of the tariff is not properly before us.

The judgment of the trial court is affirmed.