.








NUMBER 13-01-830-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

GARROD INVESTMENTS, INC., 
                                                                                                     Appellant,

v.

ROBERT SCHLEGEL AND 
MYRNA SCHLEGEL, 
                                                                                                     Appellees.
                                                                                                                                      

On appeal from the 107th District Court of Cameron County, Texas.
                                                                                                                      

O P I N I O N

Before Justice Hinojosa, Yañez and Garza
Opinion by Justice Garza

          Garrod Investments, Inc. appeals from a final summary judgment rendered against
it on its claims for breach of contract and declaratory judgment against Myrna and Robert
Schlegel. Because we conclude that the Statute of Frauds bars enforcement of any
contract that may exist between Garrod and the Schlegels, we affirm the trial court’s
judgment. 
I. Background

          This case arises from a series of negotiations that took place between the parties
in the fall of 2000 for the sale of a condominium located on South Padre Island. The
undisputed evidence shows that on November 16, following several failed attempts to
strike a deal, Myrna Schlegel, the condominium’s owner, faxed to Garrod’s real estate
agent a written and signed offer to sell the condominium to Garrod for $285,000, a price
which included the condominium, its fixtures, and furnishings. On November 17, Garrod
returned the document, bearing initials and signatures authorized by Garrod, to Myrna
Schlegel. On November 20, Garrod tendered earnest money in the amount of $2,500. 
After notifying Garrod in writing that Garrod’s “acceptance” of November 17 had altered the
agreement’s financing terms and was therefore actually a counteroffer, to which the
Schlegels would not agree, Myrna Schlegel returned the earnest money on December 8
and informed Garrod that the negotiations were over.Garrod filed this suit to enjoin Myrna Schlegel and her husband, Robert, from selling
the condominium to a third party. In its live petition, Garrod asserted two claims: one for
a declaratory judgment that a binding contract exists between Garrod and the Schlegels
and the other for breach of contract and an award of specific performance. The Schlegels
moved for summary judgment on both claims, and the trial court ruled in their favor. 
Garrod now appeals. 
II. Summary Judgment 

          When a trial court’s order granting summary judgment is silent as to the reasoning
upon which the ruling is based, as in this case, the appellate court should affirm the
summary judgment if any ground advanced in the motion is meritorious. Harwell v. State
Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995); Larson v. Family Violence &
Sexual Assault Prevention Ctr., 64 S.W.3d 506, 515 n.8 (Tex. App.–Corpus Christi 2001,
pet. denied). In their motion for summary judgment, the Schlegels argued that they were
entitled to judgment as a matter of law because the Statute of Frauds rendered any
contract between them and Garrod unenforceable. 
A. Standard of Review
           In reviewing a traditional summary judgment, we must determine whether the
summary judgment proof establishes as a matter of law that there is no genuine issue of
material fact as to one or more of the essential elements of the plaintiff’s cause of action
or whether the defendant has conclusively established all elements of an affirmative
defense. Pech v. Estate of Tavarez, 112 S.W.3d 282, 285 (Tex. App.–Corpus Christi
2003, no pet.); see also Crain v. Smith, 22 S.W.3d 58, 59 (Tex. App.–Corpus Christi 2000,
no pet.). We take as true all evidence favorable to the non-movant and indulge every
reasonable inference in the non-movant’s favor. Trigo v. Munoz, 993 S.W.2d 419, 421
(Tex. App.–Corpus Christi 1999, pet. denied). Our review is de novo. Texas Commerce
Bank-Rio Grande Valley, N.A. v. Correa, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi
2000, pet. denied). 
B. Analysis 
          The Statute of Frauds is an affirmative defense. Cuddihy Corp. v. Plummer, 876
S.W.2d 424, 426 (Tex. App.–Corpus Christi 1994, writ denied). Contracts for the sale of
real property are enforceable only if they comply with the Statute of Frauds. Tex. Bus. &
Com. Code Ann. § 26.01(b)(4) (Vernon 2002); see Cohen v. McCutchin, 565 S.W.2d 230,
232 (Tex. 1978). The statute requires that the contract be in writing and signed by the
party to be charged. Tex. Bus. & Com. Code Ann. § 26.01(a) (Vernon 2002); EP Operating
Co. v. MJC Energy Co., 883 S.W.2d 263, 266-67 (Tex. App.–Corpus Christi 1994, writ
denied). The written memorandum must be complete within itself in every material detail
and must contain all the essential elements of the agreement, so that the contract can be
ascertained from the writing without resorting to oral testimony. Cohen, 565 S.W.2d at
232.
          In their motion for summary judgment, the Schlegels argued that on November 16,
Myrna Schlegel used a standard form contract to make a written and signed offer to sell
the condominium to Garrod. According to the Schlegels, Garrod altered the financing
terms and closing date of the offer and thus rejected it. They alleged that Garrod then
signed the document and returned it to them, actions which, they argued, amounted to a
counteroffer based on the new terms. The Schlegels claimed that they never signed the
altered document and that, therefore, they never accepted Garrod’s counteroffer. 
          To establish their assertions regarding the changes in financing terms, the Schlegels
submitted the standard form contract, which lacked their initials and signatures where
Garrod allegedly made changes. They also offered the deposition of Yolanda Flores,
Garrod’s real estate agent, who testified that a representative of Garrod changed the
financing terms of Myrna Schlegel’s offer of November 16. Flores further testified that the
Schlegels did not initial Garrod’s changes to the financing terms. This testimony was
corroborated by Alta Monroe, the Schlegels real estate agent, who testified that the
document returned to the Schlegels by Garrod on November 17 had different financing
terms than Myrna Schlegel’s offer of November 16 and that the Schlegels would not agree
to sign those changes. Finally, the Schlegels offered the testimony of Myrna Schlegel to
the effect that she never agreed to Garrod’s proposed changes to the financing terms. 
          The Schlegels offered substantially less evidence to prove that Garrod altered the
closing date. In their motion for summary judgment, the Schlegels relied on the standard
form contract as proof that the closing date was changed and that they did not agree to it. 
The document shows that the original closing date of November 30 was scratched out and
that a new closing date of December 10 was written in above the old date. The new date
is initialed, but the Schlegels provided no evidence to establish who made the change or
who initialed it. Although they offered the testimony of Myrna Schlegel to prove that Garrod
altered the closing date and that she did not approve or initial the change, Myrna
Schlegel’s testimony does not provide any such evidence. In fact, she never mentioned
the change in the closing date but instead testified only that she did not agree to the
financing terms offered by Garrod. Thus, the Schlegels’ summary judgment proof
regarding the altered closing date was limited to the document itself, which showed that
the closing date had been changed and that only one party initialed the change. 
          On appeal, however, Garrod’s brief states that the Schlegels never signed the new
closing date. Since this fact is recited by Garrod’s brief and not contradicted by the
Schlegels, we will accept it at as true. See Tex. R. App. P. 38.1(f). The Schlegels’
evidence thus shows that a change was made to the closing date and that they never
initialed or signed the change. 
          Based on this evidence, we must determine whether as a matter of law the
Schlegels were entitled to summary judgment because the contract on which the suit was
based failed to meet the requirements of the Statute of Frauds. See Alejandro v. Bell, 84
S.W.3d 383, 390 (Tex. App.–Corpus Christi 2002, no pet.) (“A defendant moving for
summary judgment on an affirmative defense has the burden to conclusively establish that
defense.”). The Dallas Court’s opinion in Capitol Bank v. Am. Eyewear, Inc., 597 S.W.2d
17 (Tex. App.–Dallas 1980, no writ) guides our decision, as that case involved facts similar
to those presented by the instant case. In Capitol Bank, the defendant, a bank, held a
lease on a building which the plaintiff sought to sublease. Id. at 18. The plaintiff drafted
a sublease and submitted it to the bank’s president. The president made some changes
to the sublease, signed it, and had it delivered to the plaintiff. Id. Upon receipt, an officer
for the plaintiff initialed the changes made by the president and then made some additional
changes. Id. The document was then executed by the plaintiff and returned to the bank,
which did not sign it again. Id. 
          On appeal, the bank claimed that even though there was evidence that it had orally
agreed to the changes, the Statute of Frauds rendered the contract unenforceable. See
id. at 18-19. The court agreed, holding that when the plaintiff made changes in the lease
form executed by the bank and sent it back to the bank, it became a counteroffer that was
not binding on the bank without the bank’s acceptance. Id. at 19. According to the court,
the document had the same status as if the bank had never signed it because “for the
purpose of the Statute of Frauds, the signature of the ‘person to be charged’ is the act
which authenticates the document as reliable evidence of that person’s agreement to the
transaction.” Id.; see also Sterrett v. Jacobs, 118 S.W.3d 877, 880 (Tex. App.–Texarkana
2003, pet. denied). It concluded, “If changes have been made so that the signature no
longer provides such evidence, to admit proof of an oral agreement to be bound by it would
frustrate the purpose of the statute because the existence of the agreement would then
depend on the recollection of witnesses.” Capitol Bank, 597 S.W.2d at 19. 
          In the case at bar, the evidence shows that Garrod changed the standard form
contract after Myrna Schlegel used it to make a signed and written offer. These changes
altered the financing provisions of the sales agreement, which are material terms. See
Lloyd v. Holland, 659 S.W.2d 103, 195 (Tex. App.–Houston [14th Dist. 1983, no writ.)
(holding that the method of payment is a material term in a contract for the sale of real
property); see also Smith v. Thorne, No. 01-01241-CV, 2003 Tex. App. LEXIS 4975, at *6-8 (Houston [1st Dist.] June 12, 2003, no pet.) (memorandum opinion) (upholding the trial
court’s conclusion that financing terms are material contract terms in the sale of real
property). The evidence also shows that the closing date of Myrna Schlegel’s offer was
changed, and Garrod’s appellate brief concedes that the Schlegels did not sign or initial
the new date. The closing date of a contract for the sale of real estate is a material term. 
Paxton v. Spencer, 503 S.W.2d 637, 646 (Tex. Civ. App.–Corpus Christi 1973, no writ). 
Any material change in a proposed contract constitutes a counteroffer, which must be
accepted by the other party for a contract to exist. Antonini v. Harris County Appraisal
Dist., 999 S.W.2d 608, 611 (Tex. App.–Houston [14th Dist.] 1999, no pet.); see also United
Concrete Pipe Corp. v. Spin-Line Co., 430 S.W.2d 360, 364 (Tex. 1968). Where
“negotiations” are in writing, as in this case, the question of whether an offer was
unconditionally accepted is primarily a question of law for the court. Gilbert v. Pettiette,
838 S.W.2d 890, 893 (Tex. App.–Houston [1st Dist.] 1992, no writ). Based on the
Schlegels’ summary judgment evidence and Garrod’s appellate brief, we conclude that on
November 17, Garrod materially altered Myrna Schlegel’s offer and thus made a
counteroffer. 
          The Schlegels’ evidence shows that they never signed the standard form contract
after changes were made to it. We conclude that the document therefore has the same
status as if Myrna Schlegel had never signed it. See Capitol Bank, 597 S.W.2d at 19. As
a matter of law, the standard form contract does not satisfy the Statute of Frauds and
cannot be enforced. See id.; see also Smith v. Jones, 638 S.W.2d 17, 20 (Tex.
App.–Houston [1st Dist.] 1982), rev’d in part on other grounds, 649 S.W.2d 29, 29 (Tex.
1983) (“A contract required by the Statute of Frauds to be in writing that is altered after it
is signed is not . . . a binding contract.”). 
          Having concluded that the Schlegels established their entitlement to summary
judgment based on the affirmative defense of the Statute of Frauds, the burden shifts to
Garrod to show why summary judgment is improper. See M.D. Anderson Hosp. & Tumor
Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000) (“The nonmovant has no burden to respond
to a summary judgment motion unless the movant conclusively establishes its cause of
action or defense.”). We may not reverse the trial court’s award of summary judgment
based on grounds not expressly set forth in the non-movant’s response. Tex. R. Civ. P.
166a(c); see City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex.
1979); City of Mission v. Ramirez, 865 S.W.2d 579, 581 (Tex. App.–Corpus Christi 1993,
no writ). To raise an issue of fact precluding summary judgment, Garrod was required to
produce summary judgment proof in avoidance of the affirmative defense. See Gonzalez
v. City of Harlingen, 814 S.W.2d 109, 112 (Tex. App.–Corpus Christi 1991, writ denied). 
Any issue which the non-movant claims would justify denying summary judgment must be
included in its response. Stewart v. Tex. Lottery Comm’n, 975 S.W.2d 732, 735 (Tex.
App.–Corpus Christi 1998, no pet.); see also Swoboda v. Swoboda, 17 S.W.3d 276, 279
(Tex. App.–Corpus Christi 2000, no pet.). The non-movant’s mere reference to summary
judgment evidence does not expressly present grounds precluding summary judgment. 
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 327, 341 (Tex. 1993). Likewise,
we are not allowed to review the summary judgment evidence to determine whether
grounds are expressly presented in the written response. See McCord v. Dobbs, 69
S.W.3d 230, 232 (Tex. App.–Corpus Christi 2001, pet. denied). We determine whether
grounds are expressly presented by looking at the written response itself. See Cisneros
v. Central Power & Light Co., 24 S.W.3d 378, 380 (Tex. App.–Corpus Christi 1999, no
pet.). 
          Garrod’s response failed to specifically address the Schlegels’ Statute of Frauds
defense. It did not challenge the allegations that Garrod had changed the financing terms
and closing date of Myrna Schlegel’s offer. More importantly, Garrod’s response did not
allege that the Schlegels signed the standard form contract after Garrod changed it. This
is the heart of the Schlegels’ defense. They contend, and their summary judgment
evidence shows, that the written and signed document on which Garrod bases its claims
does not satisfy the Statute of Frauds because the signature and initials of Myrna Schlegel
are no longer effective to authenticate the document as reliable evidence of her agreement
to the contract. The document was changed after she executed it. Her previous signature
and initials do not evidence her approval of those changes. 
          Garrod’s response did not challenge these facts. Instead, it contended that “[t]he
final terms were accepted on November 17, 2000 and all terms were agreed to and
finalized in an Earnest Money Contract with Defendants.”


 This statement does not raise
a fact issue because it wholly avoids the substance of the Schlegels’ defense: that Garrod
changed the document on November 17 and the Schlegels never signed it after those
changes were made. Even if Garrod’s allegations were true, they would not raise a fact
issue or otherwise defeat the Schlegels’ Statute of Frauds defense. The acts of
“accepting,” “agreeing to,” and “finalizing” terms in a contract do not necessarily produce
a signed and written contract that satisfies the Statute of Frauds. The Schlegels could
have orally accepted and agreed to Garrod’s changes, which Garrod finalized in a written
contract by making alterations to Myrna Schlegel’s offer. Even if the Schlegels had made
an unequivocal oral acceptance of the changes, the fact that they never signed the
changes would itself be enough to avoid enforcement of the contract. See Capitol Bank,
597 S.W.2d at 18 (“We hold that the document is not effective as a lease under the Statute
of Frauds because the substance of the document was changed after it was signed by the
bank’s president, and the bank’s agreement to the lease terms as changed was oral.”)
(citations omitted). 
          Garrod’s response did not argue that the Schlegels signed the document after
changes were made to it. Its response did not even mention the changes. We are not
allowed to scour a non-movant’s summary judgment evidence to uncover fact issues that
were not raised in its response. See Tex. R. Civ. P. 166a(c); Hay v. Shell Oil Co., 986
S.W.2d 772, 777 (Tex. App.–Corpus Christi 1999, pet. denied). Garrod’s response raised
no fact issues on the Schlegels’ defense. We overrule its first issue. 
III. Award of Attorney’s Fees 
          Garrod also challenges the trial court’s award of attorney’s fees to the Schlegels. 
First, it claims that it did not receive notice from the trial court that a hearing would be held
on the Schlegels’ request for attorney’s fees. Second, Garrod complains that “the amounts
awarded definitely cause nose bleeds.” We address the notice argument first.
A. No Notice of Hearing on Attorney’s Fees
          The law presumes that the trial court will hold a hearing only after proper notice to
the parties. See Delgado v. Hernandez, 951 S.W.2d 97, 99 (Tex. App.–Corpus Christi
1997, no writ); Bruneio v. Bruneio, 890 S.W.2d 150, 155 (Tex. App.–Corpus Christi 1994,
no writ). To rebut this presumption, appellant has the burden to affirmatively show a lack
of notice by affidavit or other competent evidence. Delgado, 951 S.W.2d at 99; Bruneio,
890 S.W.2d at 155. Garrod has not met this burden. To support its claim that the trial
court did not give notice of the hearing on attorney’s fees, Garrod cites this Court to the trial
court’s order awarding fees. The order does not establish that the trial court did not notify
Garrod of the hearing. It is not an affidavit or other competent evidence upon which we
could find a lack of notice. We overrule Garrod’s issue regarding proper notice.
B. Excessive Award of Attorney’s Fees 
          Garrod also claims that the attorney’s fees awarded by the trial court were
excessive. A trial court’s award of attorney’s fees is reviewed for an abuse of discretion. 
First Fed. Sav. & Loan Ass’n v. Ritenour, 704 S.W.2d 895, 902 (Tex. App.–Corpus Christi
1986, writ ref’d n.r.e.). A trial court abuses its discretion when it acts arbitrarily and
unreasonably and without reference to guiding rules and principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); Garcia v. Barreiro, 115 S.W.3d 271,
274 (Tex. App.–Corpus Christi 2003, no pet.). When reviewing matters reserved for the
trial court’s discretion, a court of appeals may not substitute its own judgment for that of
the trial court. See Flores v. Fourth Court of Appeals, 777 S.W.2d 38, 41 (Tex. 1989).
          The determination of reasonable attorney’s fees is a question for the trier of fact. 
See, e.g., Gonzalez v. Nielson, 770 S.W.2d 99, 102 (Tex. App.–Corpus Christi 1989, writ
denied). Factors to be considered in determining the amount of reasonable attorney's fees
include: 1) the time and labor required, novelty, and difficulty of the question presented,
and the skill required to properly perform the legal service; 2) the likelihood that the
acceptance of employment precluded other employment by the lawyer; 3) the fee
customarily charged in the locality for similar services; 4) the amount involved and the
results obtained; 5) the time limitations imposed by the client or by the circumstances; 6)
the nature and length of the professional relationship with the client; 7) the experience,
reputation, and ability of the lawyer performing the services; and 8) whether the fee is fixed
or contingent. Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex.
1997). The court is free to look at the entire record, the evidence presented on
reasonableness, the amount in controversy, the common knowledge of the participants as
lawyers and judges, and the relative success of the parties. Chilton Ins. Co. v. Pate & Pate
Enters., Inc., 930 S.W.2d 877, 896 (Tex. App.–San Antonio 1996, writ denied).
          The record shows that the Schlegels submitted affidavits by their attorneys in
support of their request for an award of attorney’s fees. These affidavits document the
time spent by each attorney for the Schlegels, the hourly rates charged, the work
undertaken and accomplished, and the costs incurred in their representation. The trial
court awarded attorney’s fees in the amounts established by the affidavits. 
          On appeal, Garrod argues that the trial court’s award was excessive. As we have
already explained, however, the proper amount of attorney’s fees to be awarded is within
the trial court's discretion. See, e.g., Dail v. Couch, 99 S.W.3d 390, 391-92 (Tex.
App.–Corpus Christi 2003, no pet.). Based on the aforementioned evidence and factors
available for the trial court’s consideration, we cannot conclude that the trial court abused
its discretion in making an award of attorney’s fees consistent with the uncontested
evidence. Garrod put on no testimony or evidence to show that reasonable attorney’s fees
in this case would be less than what the Schlegels requested and what their evidence
established. We have before us no basis for finding an abuse of discretion other than
Garrod’s claim that we should reverse the award because it was too generous. This we
cannot do.  
IV. Conclusion
          We affirm the trial court’s judgment, including its award of attorney’s fees, and
overrule all of Garrod’s appellate issues. 

 
 
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Opinion delivered and filed 
this the 15th day of July, 2004.