NUMBER 13-05-700-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EUGENE X. MERCIER, Appellant,


v.



SOUTHWESTERN BELL

YELLOW PAGES, INC., Appellee.

 


On appeal from the County Court at Law No. 2 


of Nueces County, Texas.


 


CONCURRING OPINION ON REHEARING 



Before Justices Yañez, Rodriguez, and Garza


Concurring Opinion by Justice Yañez


 

 I concur in the judgment reached by the majority, but write separately because I
would reach the same result for different reasons. 

 The majority concludes that the trial court properly granted summary judgment in
Southwestern Bell's favor because Mercier did not raise his affirmative defenses of fraud
and failure of consideration in his response to Southwestern Bell's motion but instead,
merely referenced the defenses in his affidavit, which was attached to his response as
summary judgment evidence. The majority concludes that Mercier "failed to expressly
present the affirmative defenses in his written response." The majority cites McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993), Garrod Invs., Inc. v.
Schlegel, 139 S.W.3d 759, 765 (Tex. App.-Corpus Christi 2004, no pet.), and McCord v.
Dobbs, 69 S.W.3d 230, 232 (Tex. App.-Corpus Christi 2001, pet. denied), in support of the
proposition that a non-movant's issues must be stated in his written response and a
reviewing court may not review the summary judgment evidence to determine whether
issues are expressly presented. In McConnell, the supreme court stated that a non-movant's written response "must fairly apprise the movant and the court of the issues the
non-movant contends should defeat the motion." (1) Similarly, in Garrod, this Court stated
that "[a]ny issue which the non-movant claims would justify denying summary judgment
must be included in its response" and that "we are not allowed to review the summary
judgment evidence to determine whether grounds are expressly presented in the written
response." (2) Similarly, in McCord, this Court stated that "[a] motion for summary judgment
must stand or fall on the grounds expressly presented in the motion, and a court may not
rely on briefs or summary judgment evidence in determining whether grounds are
expressly present." (3)

 I interpret these cases as standing for the proposition that a non-movant's response
should simply put the movant on notice of the issues the non-movant is raising and that a
reviewing court may not sift through the non-movant's summary judgment evidence to
determine if there may be other potential issues that were not raised by the non-movant. 
"[T]he term 'issues' refers to the reasons the non-movant contends defeat the movant's
entitlement to summary judgment." (4) In McConnell, the supreme court noted that "[i]f it is
clear what issues the non-movant contends should defeat the movant's entitlement, the
movant should be able to reply only to those issues." (5) 

 Here, Mercier's response asserted that genuine issues of material fact exist as to
Southwestern Bell's claims for sworn account, breach of contract, and quantum meruit. 
The response refers to Mercier's affidavit as summary judgment evidence attached to the
response and "incorporated by such reference for all purposes as if recited verbatim
herein." I would conclude that Mercier's response was sufficient to notify the trial court that
he was relying on his attached affidavit as summary judgment evidence. (6)

 Mercier's affidavit states, among other things, that Southwestern Bell made false
representations as to the advertising, that he was "fraudulently induced" into agreeing to
advertising with guarantees for certain additional opportunities that did not materialize, that
the ad contained inaccuracies, and that he did not receive the benefit of the bargain that
he contracted for. If the party opposing a summary judgment relies on an affirmative
defense, he must come forward with summary judgment evidence sufficient to raise an
issue of material fact on each element of the defense to avoid summary judgment. (7) 
Affidavits consisting only of conclusions are insufficient to raise an issue of fact. (8) I
conclude that Mercier's affidavit is insufficient to raise an issue of material fact on each
element of his affirmative defenses. Accordingly, I agree that the trial court did not err in
granting summary judgment in Southwestern Bell's favor.

 I agree with the majority in overruling Mercier's first issue and in sustaining his
second issue. 


 

 LINDA REYNA YAÑEZ,

 Justice




Concurring opinion delivered and filed 

this the 25th day of January, 2007.

1. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993) (quoting City of Houston
v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979) (emphasis added).
2. Garrod Invs., Inc. v. Schlegel, 139 S.W.3d 759, 765 (Tex. App.-Corpus Christi 2004, no pet.)
(emphasis added). 
3. McCord v. Dobbs, 69 S.W.3d 230, 232 (Tex. App.-Corpus Christi 2001, pet. denied) (emphasis
added).
4. Davis v. First Indem. of Am. Ins. Co., 56 S.W.3d 106, 110 (Tex. App.-Amarillo 2001, no pet.). 
5. McConnell, 858 S.W.2d at 343. 
6. See Boeker v. Syptak, 916 S.W.2d 59, 62 (Tex. App.-Houston [1st Dist.] 1996, no writ) (finding that
a paragraph in summary-judgment motion that expressly and specifically identified attached affidavits as being
relied upon as summary-judgment evidence was sufficient to place such affidavits before court as evidence). 
7. Bassett v. Am. Nat'l Bank, 145 S.W.3d 692, 696 (Tex. App.-Fort Worth 2004, no pet.); Parker v.
Dodge, 98 S.W.3d 297, 300 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (citing Brownlee v. Brownlee, 665
S.W.2d 111, 112 (Tex. 1984)). 
8. Brownlee, 665 S.W.2d at 112.