NUMBER 13-07-00708-CV


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MANUEL CHAVEZ AND WIFE, ELODIA CHAVEZ, Appellants,


v.


VIRGINIA Q. BRAVO AND MARTIN CANTU, Appellees.

 
 

On appeal from the 93rd District Court of

 Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza

 Memorandum Opinion by Chief Justice Valdez

 

 Appellants, Manuel Chavez and wife, Elodia Chavez, sought a declaratory judgment
that they had an enforceable contract with appellees, Virginia Bravo and Martin Cantu, for
the sale of a house and that Bravo and Cantu breached the contract. Bravo and Cantu
filed a traditional motion for summary judgment asserting, among other defenses, the
statute of frauds and that no issues of material fact existed. Without specifying the
grounds for its decision, the trial court granted Bravo and Cantu's motion for summary
judgment. In three issues, the Chavezes challenge the summary judgment. We affirm.

I. Background

A. The Dispute

 The Chavezes allege that on or about May 25, 1998, they entered into a verbal
agreement with Bravo's late husband, Erasmo Bravo, to purchase a home located in
Alamo, Texas. According to the Chavezes, they agreed to a purchase price of $65,000,
comprised of a $2,000 "down payment" and monthly installments of $500. It is undisputed
that the Chavezes moved into the home and made monthly payments to Bravo from June
1998 to December 20, 2005. 

 After Erasmo's death, Virginia Bravo sold the Alamo home to Cantu via a warranty
deed executed on November 7, 2005. Cantu asserts that, after obtaining ownership of the
home, he provided the Chavezes with verbal and written notice to vacate the premises. 
Both Cantu and Bravo claim that the monthly payments from the Chavezes represent
rental payments and that no contract for sale between Erasmo and the Chavezes was ever
consummated. 

 On January 26, 2006, Cantu filed a verified original petition for forcible entry and
detainer against Manuel Chavez with the Justice Court, Precinct 2, Place 1 of Hidalgo
County. The Chavezes were subsequently ordered to vacate the Alamo home.

 On July 3, 2006, the Chavezes filed suit in the 93rd District Court of Hidalgo County
seeking a determination that they had an enforceable contract with Bravo that had been
breached by Bravo and Cantu's refusal to receive payments for the house after December
20, 2005, and in evicting them from the property. (1) Bravo and Cantu answered with a
general denial and asserted the statute of frauds, among others, as an affirmative defense. 
On September 14, 2007, Bravo and Cantu filed a traditional motion for summary judgment
asserting that: (1) the action was barred by res judicata and collateral estoppel; (2) the
action was barred by the statute of frauds; and (3) there were no genuine issues of
material fact that prevented granting a summary judgment. The Chavezes responded that
the doctrine of partial performance applied to avoid the statute of frauds. The trial court
granted Bravo and Cantu's motion for summary judgment on unspecified grounds. This
appeal ensued.

II. Analysis

A. Standard of Review

 Summary judgment is proper when there are no disputed issues of material fact and
the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A defendant
is entitled to summary judgment if it conclusively negates at least one of the essential
elements of a plaintiff's cause of action or conclusively establishes all necessary elements
of an affirmative defense. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). Only when
the defendant establishes its right to summary judgment, does the burden shift to the
plaintiff to come forward with competent controverting evidence raising a genuine issue of
material fact. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). 

 We review the trial court's summary judgment de novo and consider whether
reasonable and fair-minded jurors could differ in their conclusions in light of all of the
evidence presented. See Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005). We consider all the evidence in the light most favorable to the nonmovant,
indulging every reasonable inference in favor of the nonmovant and resolving any doubts
against the movant. See Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 756
(Tex. 2007) (per curiam) (citing Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006) (per
curiam); Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam)). 
The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could
differ in their conclusions in light of all of the summary-judgment evidence. See id. at 755. 
Where, as here, a trial court does not specify the grounds upon which it relied in granting
a summary judgment, we will affirm if any ground is meritorious. See Harwell v. State Farm
Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).

B. Applicable Law

 A contract for the sale of land must comply with the statute of frauds. Tex. Bus. &
Com. Code Ann. § 26.01(b)(4) (Vernon 2009); Cohen v. McCutchin, 565 S.W.2d 230, 232
(Tex. 1978); Garrod Invs., Inc. v. Schlegel, 139 S.W.3d 759, 763 (Tex. App.-Corpus Christi
2004, no pet.). Section 26.01 of the business and commerce code requires that the
contract be in writing and signed by the party against whom enforcement is sought. Tex.
Bus. & Com. Code Ann. § 26.01(a); Garrod Invs., Inc., 139 S.W.3d at 763. Further, the
statute of frauds is an affirmative defense. Garrod Invs., Inc., 139 S.W.3d at 763. 
Whether a contract meets the requirements of the statute of frauds is a question of law. 
Bratcher v. Dozier, 346 S.W.2d 795, 796 (Tex. 1961); Lathem v. Kruse, 290 S.W.3d 922,
926 (Tex. App.-Dallas 2009, no pet.). 

 Because it is undisputed that the contract for the sale of the Alamo property, if any,
was oral, Bravo and Cantu have established their right to summary judgment on this claim
as a matter of law. See Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999);
LaCour v. Lankford Co., Inc., 287 S.W.3d 105, 110 (Tex. App.-Corpus Christi 2009, pet.
denied) ("[T]he defendant-movant must present summary judgment evidence that
establishes each element of the affirmative defense as a matter of law."). Once the
defendant-movant has presented sufficient summary judgment evidence, the non-movant
must produce summary judgment proof raising a fact issue in avoidance of the affirmative
defense. LaCour, 287 S.W.3d at 109-10.

 The Chavezes admit that the contract was not in writing; however, they assert that
their partial performance of the contract takes it out of the statute of frauds. Under the
partial performance exception to the statute of frauds, an oral contract for the purchase of
real property is enforceable if the purchaser: (1) "pays the consideration"; (2) "takes
possession of the property"; and (3) "makes permanent and valuable improvements on the
property with the consent of the seller, or without such improvements, other facts are
shown that would make the transaction a fraud on the purchaser if the oral contract was
not enforced." Boyert v. Tauber, 834 S.W.2d 60, 63 (Tex. 1992) (citing Hooks v.
Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116 (1921)); Pickett v. Keene, 47 S.W.3d 67,
76 (Tex. App.-Corpus Christi 2001, pet. dism'd). "These steps are seen as sufficient
evidence of the agreement because they provide affirmative corroboration of the
agreement by both parties to the agreement." Boyert, 834 S.W.2d at 63.

C. Analysis 

 In their second and third issues, the Chavezes contend that the trial court erred in
granting summary judgment because they presented sufficient evidence to raise a genuine
issue of material fact on the partial performance exception to the statute of frauds. It is
undisputed that no written contract to sell the Alamo home existed; therefore, the burden
shifted to the Chavezes to show why summary judgment should not be granted. See id.

 The Chavezes's summary judgment evidence consisted of receipts of various
payments made to the Bravos from April 1998 to December 2005 and a notarized affidavit
bearing the signatures of both Manuel and Elodia Chavez. The Chavezes' affidavit
provides:

 On or about May 25, 1998, Jose Manuel Chavez along with my wife[,]
Elodia Chavez[,] entered into an agreement with Erasmo Bravo to purchase
the property located at 1017 Frontage Road in Alamo, Texas. The purchase
price of $65,000.00 was to be paid in monthly installments of $500.00 and
we were also to pay taxes and insurance. There was no interest to be
charged. We paid a downpayment [sic] of $2,000.00 . . . . 


 We took possession of the house and began making monthly
payments in June of 1998. . . .


 . . . .


 We are ready to continue to make payments on the contact [sic]. We
have spent money fixing the house and making improvements to it and do
not want to lose it. As of today, we have paid over $45,000.00 of the
$65,000.00 sale price. 


 In the present case, neither Bravo nor Cantu contend that the Chavezes were not
in possession of the Alamo house or that no consideration was paid. Therefore, we must
determine whether the Chavezes presented some evidence that they made permanent and
valuable improvements with Bravo or Cantu's consent or that they would be defrauded if
the oral agreement is not enforced. See Boyert, 834 S.W.2d at 63. "In order to be
valuable, the improvements must be substantial and add materially to the value of the
property." Fandey v. Lee, 880 S.W.2d 164, 170 (Tex. App.-El Paso 1994, writ denied). 
When there is no evidence of valuable or permanent improvements, the third element of
a claim of partial performance may be met where "other facts are shown that would make
the transaction a fraud on the purchaser if the oral contract was not enforced." Boyert, 834
S.W.2d at 63; Pickett, 47 S.W.3d at 76. 

 The Chavezes attached a receipt to their affidavit indicating that a $2,000 payment
was made on April 28, 1998; they also attached several receipts indicating that they made
numerous $500 payments between June 1998 and December 20, 2005. While the
statements in the affidavit and the copies of receipts serve as some evidence that the
Chavezes paid consideration for the house, there is no evidence that the Chavezes made
any "permanent" or "valuable" improvements to the house with either Bravo's or Cantu's
consent. The Chavezes provided no receipts of payments made on improvements towards
the house, nor made any indication that they spent a substantial amount of money fixing
the house and making improvements to it. Moreover, the Chavezes did not provide any
evidence of specific improvements made to the property, and thereby failed to provide the
trial court with evidence that permanent improvements were made. Accordingly, the
evidence before us is not sufficient to raise a fact issue as to whether the Chavezes made
valuable and permanent improvements to the house with either Bravo or Cantu's consent. 
See Hammonds v. Calhoun Distrib. Co., Inc., 584 S.W.2d 473, 475 (Tex. Civ.
App.-Texarkana 1979, writ ref'd n.r.e.).

 In Lovett v. Lovett, an alleged property buyer filed suit against a seller for fraudulent
inducement, alleging that the seller failed to transfer title to a piece of property that the
seller had orally contracted to sell. 283 S.W.3d 391, 392-93 (Tex. App.-Waco 2008, pet.
denied). The trial court granted the seller's motion for summary judgment premised on a
statute of frauds defense. Id. at 392. On appeal, the Waco Court of Appeals determined
that because the buyer presented evidence that he suffered "'a serious change of position
in reliance upon the oral contract,'" a genuine issue of material fact remained as to whether
failing to enforce the contract would cause the seller to be defrauded. Id. at 395 (quoting
Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286, 290 (1957)). The court noted that a
"serious change" requires "something more than the mere payment of consideration such
that the buyer 'will suffer an additional and substantial out-of-pocket loss' if the seller is
permitted to avoid the contract." Id. at 395 (quoting Cowden, 300 S.W.2d at 290). The
court held that the buyer presented sufficient evidence of such a "serious change" because
he presented evidence that "his wife and he moved from Arizona to Texas in reliance on
the agreement and that he paid ad valorem taxes for 'at least three years' in reliance on
the agreement." Id. at 395.

 Unlike the facts in Lovett, the Chavezes' affidavit does not set forth evidence raising
a genuine issue of material fact with regard to whether the transaction would be a fraud on
them if the purported oral contract was not enforced. The present case is distinguishable
from Lovett because, although the Chavezes' affidavit states that as a term of the contract
they "were . . . to pay taxes and insurance," there is no evidence that they actually made
tax or insurance payments. See Boyert, 834 S.W.2d at 63; Lovett, 283 S.W.3d at 395. 
No evidence presented by the Chavezes indicated that they would "suffer an additional and
out of pocket loss." Based on the record before us, we find no evidence that raises a fact
issue as to whether the transaction would be a fraud on the Chavezes if the purported oral
contract was not enforced. See id.

 Based on the foregoing, we conclude that the Chavezes failed to bring forth
evidence raising a fact issue. Accordingly, the Chavezes' second and third issues are
overruled.

III. Conclusion

 Having overruled the Chavezes' second and third issues, we conclude the trial court
did not err in granting Bravo and Cantu's motion for summary judgment. (2) The trial court's
order granting summary judgment is affirmed.

 ROGELIO VALDEZ

 Chief Justice

 


Delivered and filed the

28th day of January, 2010. 
1. A forcible detainer action is not exclusive, and a party is entitled to bring a separate suit in district
court to determine the issue of title. See Lopez v. Sulak, 76 S.W.3d 597, 605 (Tex. App.-Corpus Christi 2002,
no pet.). 
2. Having determined that summary judgment was proper based on the statute of frauds, we need not
address the Chavezes' first issue regarding res judicata and collateral estoppel because it is not dispositive
of this appeal. See Tex. R. App. P. 47.1; Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex.
1995).