**Rodney M. GNERER and Dawn Gnerer, Appellants,**

v.

**Kaye JOHNSON and Arvey R. Johnson, Appellees.**

No. 06–06–00099–CV.

Court of Appeals of Texas, Texarkana.

Submitted June 1, 2007.

Decided June 5, 2007.

Rodney M. Gnerer and Dawn Gnerer, Silver Bay, MN, pro se.

James R. Rodgers, The Moore Law Firm, LLP, Paris, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

This is a suit regarding an agreement between Rodney M. Gnerer and Dawn Gnerer as sellers and Arvey R. Johnson and Kaye Johnson as buyers of real estate in Lamar County. A contract for deed was entered into between the parties in 1996; the Gnerers maintained that the Johnsons had defaulted under the contract, that all payments after the default were paid as rentals, and that the Johnsons had no existing right to purchase under the contract. The Johnsons sued for declaratory judgment under Chapter

37 of the Texas Civil Practice and Remedies Code, seeking to affirmatively establish their right to purchase, among other things. After a trial before the court, the Johnsons were awarded the real estate and the Gnerers have appealed from that order.

## FACTS OF THE CASE

By a contract for deed dated September 6, 1996, the Gnerers as sellers and the Johnsons as buyers entered into an agreement for the sale and purchase of two tracts of land comprising 19.75 acres of land in Lamar County, Texas, upon which was a dwelling. The contract amount was $35,000.00, of which $2,000.00 was paid at the time the contract was entered, with the balance of $33,000.00 bearing interest at ten percent per annum, payable in twenty-three equal monthly installments of $354.64 each, with a final installment (a "balloon" installment) equal to the then-remaining principal and interest due on the obligation.[1] When the "balloon" installment under the written contract became due in October 1998, the Johnsons were unable pay the entire sum and continued to pay monthly installments through July 2005. The Gnerers contended that the failure of the Johnsons to pay the remaining balance of $30,849.31 due on the twenty-fourth installment constituted a default and that the Johnsons were thereafter in possession only as tenants at will; the Gnerers maintained, further, that all payments paid by the Johnsons after the timely twenty-third installment were only rent.

In their original petition, filed in March 2005, the Johnsons pleaded that there had been a novation of the original contract by an oral agreement between them with the Gnerers to simply continue the monthly installments which had previously been made until full satisfaction of the debt, that they had made valuable improvements to the realty and maintained possession of the property, that the Gnerers had failed to provide them an annual accounting as required by Section 5.077 of the Texas Property Code,[2] that the Gnerers had been guilty of violating the Deceptive Trade Practices Act (TEX. BUS. & COM.CODE ANN. §§ 17.41–.63 (Vernon 2002 & Supp.2006)), and that they had been victims of real estate fraud as defined by TEX. BUS. & COM.CODE ANN. § 27.01 (Vernon 2002). The Gnerers responded by alleging that a breach of the contract for deed had terminated the right to purchase, that all of the funds paid by the Johnsons after that date had been rentals only, that the statute of frauds (TEX. BUS. & COM.CODE ANN. § 26.01 (Vernon Supp.2006)) prevented recovery under any oral agreement for the purchase and sale of real estate, and that the Johnsons' action was barred by limitations pursuant to TEX. BUS. & COM.CODE ANN. § 2.725 (Vernon 1994).

In a trial to the court, the Johnsons were represented by counsel and Dawn appeared pro se (from the record, it ap-

1. $33,000, bearing interest at the rate of ten percent per annum and amortized over 180 installments would result in equal monthly installments of $354.64.

2. Between September 1, 2001 and September 1, 2005, Section 5.077 of the Texas Property Code required the seller under a contract for deed of certain residential real property to provide the buyers with a statement which included, among other things, a statement of the amount of interest paid, the remaining balance, insurance disclosures, and the taxes paid; this requirement applied retroactively to contracts which existed before the effective date of the statute. If this notice was not supplied (without demand by the buyer), the seller would owe the buyer "liquidated damages" of $250.00 per day for each day after January 30 that the notice was not supplied. Act of May 11, 2001, 77th Leg., R.S., ch. 693, § 1, 2001 Tex. Gen. Laws 1319, 1326–27.

pears that Rodney was likewise present, but he made no formal announcement). Kaye testified that, when the time for satisfaction of the balloon installment drew near, it became apparent that she and Arvey were going to be unable to obtain financing from other sources to satisfy the remainder of the obligation because the value of the property would not support such a loan. According to Kaye, in telephone conversations between the two women, Dawn had indicated that the Johnsons should continue to make monthly installments and that Dawn would have an attorney draft an addendum to the agreement to evidence the change. It was uncontroverted that, although the Johnsons had been informed by Dawn that an addendum had, indeed, been drafted and awaited the Johnsons' signatures at the Gnerers' attorney's office, the Johnsons had refused to go to the Gnerers' attorney's office to sign it or get it. Kaye indicated to Dawn that such an addendum should be mailed to her so she could take it to an attorney for review; the precise content of that proposed addendum was not revealed at trial. Even without the addendum having been signed, the Johnsons continued to send monthly installments of approximately the same amount as set out in the contract for deed, with adjustments for late payments, increased taxes, and increased hazard insurance, and the Gnerers continued to accept the payments. During the Johnsons' stay on the property, they made valuable improvements to the property, some of which were made after the maturity date of the written contract and after the date which Dawn had directed Kaye to continue the monthly installments. Although Dawn said that the Gnerers considered those monthly installments to have been simply rental installments, the Gnerers' income tax returns reflected that the installments were reported as being an installment sale of real estate, not rental income. The monthly installments continued to be paid by the Johnsons and accepted by the Gnerers until after the suit was filed. A certified public accountant testified that, if the payments had been made in the manner which Kaye had indicated, the remaining balance after March 2005 (when the payments apparently ceased), if one assumed the same interest rate for the entire term, would have been $3,352.63.

As a result of the hearing, the trial court entered an order which included findings that there was a written contract entered into between the Johnsons and the Gnerers for the purchase and sale of the land in controversy, that there had been substantial compliance with the contract by the Johnsons, that there was an agreement between the parties to extend the time for performance under the original contract, that there was $5,000.00 still due and owing from the Johnsons to the Gnerers under the contract, that this sum had already been deposited into the registry of the court by the Johnsons and, thus, that the Johnsons had fully complied with their obligation under the agreements for the purchase of the real estate. The judgment then divested the Gnerers of the title to the real estate and vested the full fee simple title to the real estate in the Johnsons.

The Gnerers have appealed from that order. In their pro se brief, there were six points of error raised, five of which complained of a sufficiency of the evidence (without specification whether the complaint regards legal insufficiency or whether it regards factual insufficiency) and a sixth which generally complains of the award of the title to the real estate to the Johnsons.

**STANDARD OF REVIEW**

Simultaneously with the filing of a notice of appeal, the Gnerers also filed a

request for findings of fact and conclusions of law. However, no such findings or conclusions were entered and no reminder or notice of their lack was filed. After a party makes a request for findings of fact and conclusions of law pursuant to Rule 296 of the Texas Rules of Civil Procedure and none are timely filed, it is the duty of the person requesting those findings of fact and conclusions of law to file a "Notice of Past Due Findings of Fact and Conclusions of Law" under Rule 297. TEX.R. CIV. P. 296, 297. Without this timely reminder, the Gnerers waived any complaint for the failure to file findings and conclusions and, in fact, did not raise any such objection on appeal. In any event, the failure of the trial court to prepare and file findings of fact or conclusions of law under Rule 296 does not require a reversal of the trial court's judgment if the record before the appellate court affirmatively shows that the complaining party suffered no injury. *Las Vegas Pecan & Cattle Co. v. Zavala County,* 682 S.W.2d 254, 256 (Tex.1984).

In this circumstance, it is implied that the trial court made all fact findings necessary to support its judgment. *Sixth RMA Partners, L.P. v. Sibley,* 111 S.W.3d 46, 52 (Tex.2003); *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex. 2002); *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

In considering a legal insufficiency point, we consider only the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988); *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995). If there is more than a scintilla of evidence to support the finding, the no-evidence challenge must fail. *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex.1987).

In considering a factual sufficiency point, we may not substitute our judgment for that of the trier of fact, but must assess all the evidence and reverse for a new trial only if the challenged finding shocks the conscience, clearly demonstrates bias, or is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986). Under this analysis, we are not fact-finders and we do not pass upon the credibility of witnesses or substitute our judgment for that of the trier of fact, even if there is conflicting evidence upon which a different conclusion could be supported.

*Clancy v. Zale Corp.,* 705 S.W.2d 820, 826 (Tex.App.-Dallas 1986, writ ref'd n.r.e.).

In a trial to the court in which no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Pharo v. Chambers County, Tex.,* 922 S.W.2d 945, 948 (Tex.1996). When a reporter's record is filed, however, these implied findings are not conclusive and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues. *Marchand,* 83 S.W.3d at 795. When such issues are raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989). An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We are required to consider all of the evidence in the case in making this determination, not just the

evidence that supports the finding. *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406–07 (Tex.1998). In reviewing the evidence, we accord due deference to the trial court, which, as the trier of fact presented with conflicting testimony, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Sw. Bell Media, Inc. v. Lyles,* 825 S.W.2d 488, 493 (Tex.App.-Houston [1st Dist.] 1992, writ denied). As the sole trier of fact, the trial court is free to believe one witness and disbelieve others; the court may resolve inconsistencies in a witness's testimony. *Id.*

## ANALYSIS

The pro se brief filed by the Gnerers has mixed and muddled points of error; its structure defies the process of breaking it into a logical point-by-point analysis. As a consequence, the points raised are treated here more in a discussion than is customary.

■ The evidence is clear that the provisions of the original written contract were not satisfied by the Johnsons because they failed to pay the final installment prescribed in it. The evidence is also undisputed that the Johnsons continued to make a substantial number of monthly installments for a period of about seven years after the date that the "balloon" payment was due to have been paid. In addition, it was shown that the Johnsons were in possession of the property and made substantial improvements to it, some of which were made before the "balloon" payment was due and some of which were made thereafter. The area of dispute lies with the characterization of the monthly installments which were made by the Johnsons to the Gnerers after the "balloon" payment was due. On the one hand, the Johnsons maintain that these payments were made under an oral agreement to modify the contract to permit the Johnsons to continue the monthly installments under the fifteen-year amortization of the original purchase amount; on the other hand, the Gnerers argue that no agreement was ever reached to extend the payments and that the installments were nothing more than mere payment of rents.

The trial court, having the ability to hear the evidence and to gauge the credibility of the witnesses, is in a far superior position to weigh the conflicting evidence than a court of appeals. The evidence presented at the bench trial was both legally and factually sufficient to sustain a finding that an oral agreement existed to extend the payment terms, that the Johnsons were in possession of the property, and that the Johnsons made valuable improvements to the property in reliance upon the oral agreement. The only issue which does not seem to have support in the evidence is the award of $5,000.00 to the Gnerers as the outstanding balance due to them under the parol agreement, the evidence seemingly supporting the amount of $3,352.63 being due; however, neither party raises an issue concerning this apparent excess.

■ The Gnerers interpose Sections 2.725 and 26.01 of the Texas Business and Commerce Code as bars to recovery by the Johnsons.

Section 26.01 of the Texas Business and Commerce Code is Texas's statutory embodiment of what is known as the statute of frauds, requiring certain contracts (including a contract for the sale of real estate) to be in writing. However, some exceptions exist to the general application of the statute of frauds. Texas has long recognized that some situations exist wherein "the nonenforcement of the contract—or the enforcement of the statute—would, itself, plainly amount to a fraud." *Hooks v. Bridgewater,* 111 Tex. 122, 127,

229 S.W. 1114, 1116 (1921). Very narrowly applied, *Hooks* requires the existence of three indispensable fact circumstances in order to relieve a parol sale of land from the operation of the statute of frauds: (1) payment of the consideration; (2) possession by the vendee; and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. *Id.* at 1116.[3]

As to the application of Section 2.725 of the Texas Business and Commerce Code to the controversy, the Gnerers correctly point out that the original contract was breached more than four years before suit was instituted and that subsection (a) requires that, "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." However, Section 2.725(b) specifies, "A cause of action accrues *when the breach occurs*, regardless of the aggrieved party's lack of knowledge of the breach." (Emphasis added.) The Johnsons' cause of action did not accrue until the Gnerers refused to honor the parol agreement to convey the property. This refusal happened long after the "balloon" installment had become due and occurred well within the four-year period before the suit was filed.

## CONCLUSION

The ruling of the trial court, awarding the title of the land to the Johnsons under the parol agreement pursuant to the doctrine of promissory estoppel, is sufficiently supported by the evidence. Accordingly, we affirm the judgment.

3. Although not raised by the Gnerers on appeal, in addition to the statute of frauds, Section 5.077 of the Texas Property Code states, among other things, that, "An executory contract is not enforceable unless the contract is in writing and signed by the party to be bound or by that party's authorized representative." However, in *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex.2001), decided after the adoption of that part of the Texas Property Code by the Legislature, the Texas Supreme Court recognized the continued application of the doctrine of promissory estoppel as a vehicle to avoid fraud and there is no reason to believe that promissory estoppel is any less effective to protect a purchaser from that law than from the statute of frauds as set out in the Texas Business and Commerce Code.