Louis LOVETT, Appellant,

v.

Peter LOVETT, Appellee.

No. 10–06–00410–CV.

Court of Appeals of Texas, Waco.

July 2, 2008.

Paul E. Fulbright, Corsicana, TX, for Appellant.

Micah C. Haden, Law Office of Micah C. Haden, Corsicana, TX, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION ON REHEARING

FELIPE REYNA, Justice.

Louis Lovett filed suit against Peter Lovett for fraudulent inducement, alleging that Peter and he had an oral agreement under which Louis would pay two-thirds of the monthly mortgage payments for a 26–acre tract, Peter would pay one-third, and title to the property would be divided so that Louis held title to one-half of the acreage along with a house located on the property and Peter would hold title to the other half of the acreage. The trial court granted Peter's summary-judgment motion premised on the statute of frauds. Louis contends in three issues that: (1) the trial court applied an incorrect standard; (2) a genuine issue of material fact remains "due to conflicting affidavits of the Parties"; and (3) a genuine issue of material fact remains on each element of the counter-defense of partial performance, which Peter relies on as an exception to the statute of frauds. We will reverse and remand.

### Background

Although the parties disagree about the origins of their dispute, when viewed in the light most favorable to Louis, the evidence reflects that Louis and his wife moved to Navarro County from Arizona in 1993. Before moving to Texas, Louis and Peter reached an oral agreement concerning the property in dispute. Louis paid Peter $4,200 for the down payment, $500 for the appraisal, and began making monthly pay-

ments of $210 to Peter in March 1993. Louis and his wife moved into the house in June. They made these monthly payments through November 2001 and "paid taxes on the entire property for a period of at least three years." Louis states in his affidavit that the "total amount I have paid pursuant to our agreement for the shared purchase and for maintenance and repair costs and taxes exceeds $25,000.00."

According to Peter, his wife Cheryl and he purchased the property at issue (the "first farm") in February 1993. Louis and he negotiated regarding the formation of a joint venture to purchase "another farm" but "never reached a formal agreement" and never purchased "the second farm." Peter allowed Louis to move into the house and pay "a portion of the note on the property and closing expenses" in lieu of rent.

Peter filed a forcible detainer action in July 2004, seeking to evict Louis from the property, but that proceeding was dismissed. Louis filed this suit in October 2004. Peter contends in his summary-judgment motion that Louis's suit is barred by the statute of frauds. Louis responded that the oral agreement is enforceable under the partial performance exception to the statute of frauds.

## Standard of Review

We conduct a *de novo* review of a summary judgment. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). "[W]e take as true all competent evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex.2005).

To prevail on a traditional summary-judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Id.* When a defendant is the movant and relies on an affirmative defense, the defendant must conclusively establish each element of that affirmative defense to prevail. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996); *Moon v. Lesikar,* 230 S.W.3d 800, 802–03 (Tex.App.–Houston [14th Dist.] 2007, pet. denied); *Johnson v. Baylor Univ.,* 188 S.W.3d 296, 300 (Tex.App.–Waco 2006, pet. denied). If the defendant/movant does so, the burden shifts to the plaintiff/nonmovant to produce evidence raising a fact issue concerning any applicable counter-defense, in this case, partial performance. *See 'Moore' Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936–37 (Tex.1972); *Sonnichsen v. Baylor Univ.,* 47 S.W.3d 122, 124 (Tex.App.–Waco 2001, no pet.); *Ford v. City State Bank of Palacios,* 44 S.W.3d 121, 139 (Tex.App.–Corpus Christi 2001, no pet.); *see also Huckabee v. Time Warner Entm't Co.,* 19 S.W.3d 413, 420 (Tex.2000). The plaintiff/nonmovant has to present only some evidence of each element of the counter-defense to avoid summary judgment. *See 'Moore' Burger,* 492 S.W.2d at 937; *Sonnichsen,* 47 S.W.3d at 124; *Ford,* 44 S.W.3d at 139.

## Partial Performance

■ Louis contends in his third issue that he presented sufficient evidence to raise a genuine issue of material fact on each element of the counter-defense of partial performance.[1]

■ To establish partial performance, a party must show: (1) payment of consideration; (2) possession of the property by

1. Peter conclusively established that the parties do not have a written agreement which satisfies the statute of frauds.

the buyer; and (3) permanent and valuable improvements by the buyer with the consent of the seller or other facts demonstrating that the buyer [2] would be defrauded if the agreement were not enforced. *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1115 (1921); *Gnerer v. Johnson*, 227 S.W.3d 385, 391 (Tex.App.–Texarkana 2007, no pet.); *Maddox v. Cosper*, 25 S.W.3d 767, 772 (Tex.App.–Waco 2000, no pet.).

Peter does not dispute that Louis established the first two elements of partial performance. Therefore, the only issue to be determined is whether Louis presented some evidence that he made permanent and valuable improvements with Peter's consent or that he would be defrauded if the oral agreement is not enforced. *Id.*

There are several Supreme Court decisions and subsequent cases addressing the kind of fraud necessary to meet the third element of a claim of partial performance, assuming there is no evidence that the seller made the requisite improvements to the property.

In *Texas Co. v. Burkett*, 117 Tex. 16, 296 S.W. 273 (1927), the Court provided several statements regarding the requisite fraud.

> The doctrine is well established that, where either party, in reliance upon the verbal promise of the other, has been induced to do or to forbear to do any act, and thereby his position has been so changed for the worse that he would be defrauded by a failure to carry out the

contract, equity will enforce a performance.

*Id.* at 280 (quoting *Morris v. Gaines*, 82 Tex. 255, 17 S.W. 538, 539 (1891)).

> The ground upon which such verbal sales are enforced, notwithstanding the statute, is the prevention of fraud. The rule is thus by Justice Clifford in a recent case: "Where one of the two contracting parties has been induced or allowed to alter his position on the faith of such contract to such an extent that it would be fraud on the part of the other party to set up its invalidity, courts of equity hold that the clear proof of the contract and of the acts of part performance will take the case out of the operation of the statute, if the acts of part performance were already such as to show that they are properly referable to the parol agreement."

*Id.* (quoting *Ponce v. McWhorter*, 50 Tex. 562, 572 (1879)) (other citation omitted).[3]

In *Cowden v. Bell*, 157 Tex. 44, 300 S.W.2d 286 (1957), the Court stated,

> [The third] requirement ... is another matter. If we assume it may be satisfied by some "equivalent" of valuable and permanent improvements, we must yet look to the underlying purpose of the requirement in order to evaluate the particular "equivalent" suggested. The significance of the requirement is in part that of a "corroborative fact", but also, and more importantly, that of a serious change of position in reliance upon the oral contract over and above the payment of the consideration. In

---

**2.** In *Maddox*, this Court erroneously stated the third element as requiring a showing that the *seller* would be defrauded if the agreement were not enforced. *See Maddox v. Cosper*, 25 S.W.3d 767, 772 (Tex.App.–Waco 2000, no pet.). As stated by the Supreme Court in *Hooks*, the relevant inquiry is whether there are "such facts as would make the transaction a fraud upon *the purchaser* if it

were not enforced." *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1115 (1921) (emphasis added).

**3.** The internal quotation is from United States Supreme Court Justice Nathan Clifford's opinion in *Williams v. Morris*, 95 U.S. 444, 457, 24 L.Ed. 360 (1877).

the latter connection, there is no sufficient "fraud" involved unless the parol vendee will suffer an additional and substantial out-of-pocket loss should the vendor be allowed to avoid the contract by invoking the statute.

*Id.* at 290.

■ Thus, these and similar decision decisions establish that the third element of a claim of partial performance may be satisfied with evidence that the buyer made "a serious change of position in reliance upon the oral contract," which requires something more than the mere payment of consideration such that the buyer "will suffer an additional and substantial out-of-pocket loss" if the seller is permitted to avoid the contract. *Id.*

Here, Louis's summary-judgment evidence reflects that he paid a $4,200 down payment, $500 for an appraisal, monthly payments of $210 for more than eight years (more than $21,000), ad valorem taxes for "at least three years," and additional sums for maintenance and repairs to the property.[4] Louis states in particular that he paid more than $25,000 pursuant to the parties' oral agreement.

Viewed in the light most favorable to Louis, he presented "some evidence" that he did something more than the mere payment of consideration in reliance on the parties' oral contract. *See In re Tex. Ass'n of School Bds., Inc.,* 169 S.W.3d 653, 657 n. 15 (Tex.2005) (orig.proceeding) (the "fundamental and generally accepted idea

of consideration" is "the exchange or price requested and received by the promisor for his promise") (quoting 3 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 7:2 (4th ed.1992)). In particular, Louis presented summary-judgment evidence that his wife and he moved from Arizona to Texas in reliance on the agreement and that he paid ad valorem taxes for "at least three years" in reliance on the agreement.

Accordingly, we hold that a genuine issue of material fact remains on each element of Louis's counter-defense of partial performance. Thus, we sustain Louis's third issue.

### Conclusion

In view of our disposition of Louis's third issue, we need not address his first and second issues. *See* Tex.R.App. P. 47.1. We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice.

This proceeding involves the emasculation of the statute of frauds. In the Court's original opinion, *see* Appendix A, the Court used evidence of payments made to satisfy the first and third prong of the modified *Hooks v. Bridgewater* test.[1] *See Hooks v. Bridgewater,* 111 Tex. 122, 229 S.W. 1114 (1921). In my original dissent-

4. Peter filed written objections to Louis's summary-judgment evidence and urged these objections during the summary-judgment hearing. However, the court did not make any written rulings on Peter's objections, neither at the hearing nor in its judgment. The trial court's summary judgment does not, standing alone, constitute an implicit ruling on Peter's objections. *See Stewart v. Sanmina Tex. L.P.,* 156 S.W.3d 198, 206–07 (Tex.App.–Dallas 2005, no pet.); *Allen ex rel. B.A. v.*

*Albin,* 97 S.W.3d 655, 663 (Tex.App.–Waco 2002, no pet.).

1. I use the term modified *Hooks v. Bridgewater* test because it is undisputed that the third element of the test as originally stated was not met because no valuable improvements were made. The modified test requires proof of some other facts sufficient to corroborate the oral contract and establish fraud on the buyer if not enforced.

ing opinion, *see* Appendix B, I argued that payment of money could not be used to satisfy both the first and third elements of the modified test. In its opinion on re-hearing, the Court now contends that the act of moving to the property is sufficient, when added to the evidence of payment, to meet the modified third element.

The evidence the Court now relies upon is nothing more than the evidence of the second element repeated. Everyone con-cedes money changed hands and that the alleged buyer moved onto the property. That is the evidence which satisfies the first and second elements of the test. I do not believe more of that same evidence, payment of money[2] and a move to the property from farther away, satisfies the third element of the *Hooks v. Bridgewater* test.

There is nothing in this record that is evidence that has no other explanation than to corroborate the existence of an oral contract to sell the property. Accord-ingly, I would enforce the Statute of Frauds and affirm the judgment of the trial court. Because the majority does not, I respectfully dissent.

### APPENDIX A

### IN THE

### TENTH COURT OF APPEALS

### No. 10–06–00410–CV

**LOUIS LOVETT, Appellant**

v.

**PETER LOVETT, Appellee**

2. The Court also seems to be placing more reliance on the payment of taxes in some of the years. But given that he was the alleged buyer/owner, why did he not pay the taxes every year? Further, rental/lease agreements that require the tenant to pay the taxes are very common. As to the other payments, it must also be remembered that there was a time when these brothers were pursuing a

**From the 13th District Court**

**Navarro County, Texas**

**Trial Court No. 04–00–13783–CV**

### OPINION

Louis Lovett filed suit against Peter Lo-vett for fraudulent inducement, alleging that Peter and he had an oral agreement under which Louis would pay two-thirds of the monthly mortgage payments for a 26–acre tract, Peter would pay one-third, and title to the property would be divided so that Louis held title to one-half of the acreage along with a house located on the property and Peter would hold title to the other half of the acreage. The trial court granted Peter's summary-judgment mo-tion premised on the statute of frauds. Louis contends in three issues that: (1) the trial court applied an incorrect stan-dard; (2) a genuine issue of material fact remains "due to conflicting affidavits of the Parties"; and (3) a genuine issue of mate-rial fact remains on each element of the counter-defense of partial performance, which Peter relies on as an exception to the statute of frauds. We will reverse and remand.

### Background

Although the parties disagree about the origins of their dispute, when viewed in the light most favorable to Louis, the evidence reflects that Louis and his wife moved to Navarro County from Arizona in 1993. Before moving to Texas, Louis and Peter reached an oral agreement concerning the

prospective joint venture but ultimately did not pursue it. And as appellant states in his brief, "Appellee admits in his affidavit that Louis, in lieu of paying rent, paid a portion of the note and closing expenses." Under this statement, these payments could not be, as argued by Louis, "additional amounts paid that are unequivocally referable to a purchase agreement."

property in dispute. Louis paid Peter $4,200 for the down payment, $500 for the appraisal, and began making monthly payments of $210 to Peter in March 1993. Louis and his wife moved into the house in June. They made these monthly payments through November 2001 and "paid taxes on the entire property for a period of at least three years." Louis states in his affidavit that the "total amount I have paid pursuant to our agreement for the shared purchase and for maintenance and repair costs and taxes exceeds $25,000.00."

According to Peter, his wife Cheryl and he purchased the property at issue (the "first farm") in February 1993. Louis and he negotiated regarding the formation of a joint venture to purchase "another farm" but "never reached a formal agreement" and never purchased "the second farm." Peter allowed Louis to move into the house and pay "a portion of the note on the property and closing expenses" in lieu of rent.

Peter filed a forcible detainer action in July 2004, seeking to evict Louis from the property, but that proceeding was dismissed. Louis filed this suit in October 2004. Peter contends in his summary-judgment motion that Louis's suit is barred by the statute of frauds. Louis responded that the oral agreement is enforceable under the partial performance exception to the statute of frauds.

## Standard of Review

We conduct a *de novo* review of a summary judgment. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). "[W]e take as true all competent evidence favorable to the nonmovant, and we indulge every reasonable inference and re-

solve any doubts in the nonmovant's favor." *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex.2005).

To prevail on a traditional summary-judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Id.* When a defendant is the movant and relies on an affirmative defense, the defendant must conclusively establish each element of that affirmative defense to prevail. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996); *Moon v. Lesikar,* 230 S.W.3d 800, 802–03 (Tex.App.–Houston [14th Dist.] 2007, pet. denied); *Johnson v. Baylor Univ.,* 188 S.W.3d 296, 300 (Tex.App.–Waco 2006, pet. denied). If the defendant/movant does so, the burden shifts to the plaintiff/nonmovant to produce evidence raising a fact issue concerning any applicable counter-defense, in this case, partial performance. *See 'Moore' Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936–37 (Tex.1972); *Sonnichsen v. Baylor Univ.,* 47 S.W.3d 122, 124 (Tex.App.–Waco 2001, no pet.); *Ford v. City State Bank of Palacios,* 44 S.W.3d 121, 139 (Tex.App.–Corpus Christi 2001, no pet.); *see also Huckabee v. Time Warner Entm't Co.,* 19 S.W.3d 413, 420 (Tex.2000). The plaintiff/nonmovant has to present only some evidence of each element of the counter-defense to avoid summary judgment. *See 'Moore' Burger,* 492 S.W.2d at 937; *Sonnichsen,* 47 S.W.3d at 124; *Ford,* 44 S.W.3d at 139.

## Partial Performance

Louis contends in his third issue that he presented sufficient evidence to raise a genuine issue of material fact on each element of the counter-defense of partial performance.[3]

---

**3.** Peter conclusively established that the parties do not have a written agreement which satisfies the statute of frauds.

To establish partial performance, a party must show: (1) payment of consideration; (2) possession of the property by the buyer; and (3) permanent and valuable improvements by the buyer with the consent of the seller or other facts demonstrating that the buyer [4] would be defrauded if the agreement were not enforced. *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1115 (1921); *Gnerer v. Johnson*, 227 S.W.3d 385, 391 (Tex.App.–Texarkana 2007, no pet.); *Maddox v. Cosper*, 25 S.W.3d 767, 772 (Tex.App.–Waco 2000, no pet.).

Peter does not dispute that Louis established the first two elements of partial performance. Therefore, the only issue to be determined is whether Louis presented some evidence that he made permanent and valuable improvements with Peter's consent or that he would be defrauded if the oral agreement is not enforced. *Id.*

There are several Supreme Court decisions and subsequent cases addressing the kind of fraud necessary to meet the third element of a claim of partial performance, assuming there is no evidence that the seller made the requisite improvements to the property. In *Texas Co. v. Burkett*, 117 Tex. 16, 296 S.W. 273 (1927), the Court provided several statements regarding the requisite fraud.

> The doctrine is well established that, where either party, in reliance upon the verbal promise of the other, has been induced to do or to forbear to do any act, and thereby his position has been so changed for the worse that he would be defrauded by a failure to carry out the contract, equity will enforce a performance.

*Id.* at 280 (quoting *Morris v. Gaines*, 82 Tex. 255, 17 S.W. 538, 539 (1891)).

> The ground upon which such verbal sales are enforced, notwithstanding the statute, is the prevention of fraud. The rule is thus by Justice Clifford in a recent case: "Where one of the two contracting parties has been induced or allowed to alter his position on the faith of such contract to such an extent that it would be fraud on the part of the other party to set up its invalidity, courts of equity hold that the clear proof of the contract and of the acts of part performance will take the case out of the operation of the statute, if the acts of part performance were already such as to show that they are properly referable to the parol agreement."

*Id.* (quoting *Ponce v. McWhorter*, 50 Tex. 562, 572 (1879)) (other citation omitted).[5]

In *Cowden v. Bell*, 157 Tex. 44, 300 S.W.2d 286 (1957), the Court stated, "[T]here is no sufficient 'fraud' involved unless the parol vendee will suffer an additional and substantial out-of-pocket loss should the vendor be allowed to avoid the contract by invoking the statute." *Id.* at 290. Similarly, "the 'fraud' must include an actual loss to the party seeking to avoid the statute" and there must be "circumstances tending to corroborate the testimo-

---

**4.** In *Maddox*, this Court erroneously stated the third element as requiring a showing that the *seller* would be defrauded if the agreement were not enforced. *See Maddox v. Cosper*, 25 S.W.3d 767, 772 (Tex.App.–Waco 2000, no pet.). As stated by the Supreme Court in *Hooks*, the relevant inquiry is whether there are "such facts as would make the transaction a fraud upon *the purchaser* if it were not enforced." *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1115 (1921) (emphasis added).

**5.** The internal quotation is from United States Supreme Court Justice Nathan Clifford's opinion in *Williams v. Morris*, 95 U.S. 444, 457, 24 L.Ed. 360 (1877).

ny as to the actual existence of the contract." *Id.* at 291.

Thus, the Texas Co. decision (and similar decisions) established a subset of elements which apply when a party seeks to establish partial performance by showing fraud when there have been no permanent and valuable improvements made to the subject property. In this instance, the party must establish: (1) the existence of agreement and its terms; (2) the party acted in reliance on the agreement and has suffered a substantial detriment for which he has no adequate legal remedy; and (3) the other party, if permitted to plead the statute of frauds, would reap an unearned benefit.[6] See *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439 (Tex. App.–Dallas 2002, pet. denied); *Welch v. Coca-Cola Enters.*, 36 S.W.3d 532, 539 (Tex.App.–Tyler 2000, pet. withdrawn); accord *Vt. Info. Processing, Inc. v. Mont. Beverage Corp.*, 227 S.W.3d 846, 853 (Tex.App.–El Paso 2007, no pet.).

Under this line of cases:

The partial performance must be "unequivocally referable to the agreement and corroborative of the fact that a contract actually was made." *Wiley v. Bertelsen*, 770 S.W.2d 878, 882 (Tex. App.–Texarkana 1989, no writ) (citing *Chevalier v. Lane's, Inc.*, 147 Tex. 106, 213 S.W.2d 530, 533–34 (1948)). The ads of

performance relied upon to take a parol contract out of the statute of frauds must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced; otherwise, they do not tend to prove the existence of the parol agreement relied upon by the plaintiff.

*Exxon Corp.*, 82 S.W.3d at 439–40 (some citations omitted); accord *Vt. Info. Processing*, 227 S.W.3d at 853; *Bookout v. Bookout*, 165 S.W.3d 904, 907–08 (Tex.App.–Texarkana 2005, no pet.); *Welch*, 36 S.W.3d at 539.

The three "sub-elements" identified are generally issues of fact. See *Vt. Info. Processing*, 227 S.W.3d at 853–54; *Bookout*, 165 S.W.3d at 908, 910; *Welch*, 36 S.W.3d at 539; see also *Fluellen v. Young*, 664 S.W.2d 776, 781 (Tex.App.–Corpus Christi 1983, no writ) ("The question of whether an oral contract for the sale of realty is taken out of the statute of frauds is one of fact.").

Here, Louis's summary-judgment evidence reflects that he paid a $4,200 down payment, $500 for an appraisal, monthly payments of $210 for more than eight years(more than $21,000), ad valorem taxes, and additional sums for maintenance and repairs to the property.[7] Louis states in particular that he paid more than $25,000 pursuant to the parties' oral agreement.

---

**6.** These elements are often applied in cases which do not involve real estate contracts. *See, e.g., Welch v. Coca-Cola Enters., Inc.*, 36 S.W.3d 532, 538–39 (Tex.App.–Tyler 2000, pet. withdrawn) (vending machine agreement); *Cent. Power & Light Co. v. Del Mar Conservation Dist.*, 594 S.W.2d 782, 789–90 (Tex.Civ.App.–San Antonio 1980, writ ref'd n.r.e.) (utility agreement). But they have also been employed in suits involving real estate contracts. *See, e.g., Vt. Info. Processing, Inc. v. Mont. Beverage Corp.*, 227 S.W.3d 846, 853 (Tex.App.–El Paso 2007, no pet.) (5–year lease); *Bookout v. Bookout*, 165 S.W.3d 904,

906–08 (Tex.App.–Texarkana 2005, no pet.) (agreement for deed); *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439 (Tex.App.–Dallas 2002, pet. denied) (working interest agreement).

**7.** Peter filed written objections to Louis's summary-judgment evidence and urged these objections during the summary-judgment hearing. However, the court never ruled on Peter's objections, neither at the hearing nor in its judgment.

Peter does not dispute that Louis made any of these payments. Rather, he characterizes the parties' arrangement as Peter's permitting Louis and his wife to live on the property and, "[i]n lieu of paying rent," paying "a portion of the note on the property and closing expenses." Thus, Peter takes the position that Louis was in effect a tenant at will. *See Chale Garza Invs., Inc. v. Madaria,* 931 S.W.2d 597, 600 (Tex. App.–San Antonio 1996, writ denied) ("A tenant at will is one who holds possession of a premises by permission of an owner, but without a fixed term.").

Louis provided summary-judgment evidence that the parties had an oral agreement. Peter disputes this contention. Louis provided summary-judgment evidence that he fully performed under the agreement by taking possession of the property and by paying more than $25,000 to fulfill the agreement. *See Hooks,* 229 S.W. at 1117 (if "the purchaser be let into possession, there is furnished by an affirmative act of the owner himself at least a corroborative fact that the contract was actually made"). Peter contends that Louis took possession and made these payments under an oral lease. Louis provided summary-judgment evidence that Peter received more than $25,000 which will constitute an "unearned benefit" if he is permitted to retain it without relinquishing title to the property. Peter contends that he is in rightful possession of these funds as rental payments.

Viewing the evidence in the light most favorable to Louis, we hold that a genuine issue of material fact remains on each element of Louis's counter-defense of partial performance. Thus, we sustain Louis's third issue.

### Conclusion

In view of our disposition of Louis's third issue, we need not address his first and second issues. *See* Tex.R.App. P. 47.1. We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

FELIPE REYNA, Justice.

Before Chief Justice Gray, Justice Vance, and Justice Reyna

(Chief Justice Gray dissenting)

Reversed and remanded

Opinion delivered and filed March 19, 2008

[CV06]

## APPENDIX B

### IN THE

### TENTH COURT OF APPEALS

#### No. 10–06–00410–CV

**LOUIS LOVETT, Appellant**

v.

**PETER LOVETT, Appellee**

#### From the 13th District Court

#### Navarro County, Texas

#### Trial Court No. 04–00–13783–CV

### DISSENTING OPINION

It may be time for the Supreme Court to again look at what courts of appeals are doing with the scope and application of the partial performance doctrine, a type of equitable estoppel, as an exception to the application of the statute of frauds. I recognize this is not a perfect case for that analysis and may get passed over for discretionary review, but I could not let a decision on the issue leave this Court without drawing attention to the problem so that, if not this case, when the right case is

presented to resolve the issue, this case will be included in the framework and history of the problem to assist the Court in crafting an appropriate resolution.[8]

## STATUTE OF FRAUDS

The appellant, Louis, asks us to ignore the statute of frauds. TEX. BUS. & COM. CODE ANN. § 26.01 (Vernon Supp. Pamp. 2007).[9] The majority agrees to do so, purportedly on the basis of the venerable *Hooks v. Bridgewater* decision and its progeny. *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114 (1921). That decision applied a judicial exception to the application of the statute of frauds. If the facts of this case as described by the majority authorize an exception to the statute of frauds, the exception has swallowed the rule. By avoiding the statute of frauds in this case an oral agreement for the transfer of real estate that has allegedly been partially performed by the buyer will be enforced. If money changing hands based on an oral promise to convey real estate is all that is necessary to show fraud on the buyer to circumvent the statute of frauds,

I contend we no longer have the protection of the statute of frauds.[10]

## REVIEW OF LAW AND FACTS

Upon the same legal authorities and standard of review cited by the majority, I do not find that Louis has brought himself within the exception to the statute of frauds referred to by the majority as partial performance. Specifically, the majority concludes that Louis's evidence is "that Peter received more than $25,000 which will constitute an 'unearned benefit' if he is permitted to retain it without relinquishing title to the property. Peter contends that he is in rightful possession of these funds as rental payments." Maj. Op., pg. 400.

On these facts, I would have easily concluded, as the trial court did, that Peter was entitled to summary judgment. Here is the critical test from the authority quoted by the majority:

> The acts of performance relied upon to take a parol contract out of the statute of frauds must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced; otherwise, they do not tend

---

8. This case presents formidable issues for Louis beyond this appeal. The opinion of the Court does not address the statute of limitations, another ground on which summary judgment may have been granted, nor the sufficiency of the legal description necessary to enforce a conveyance of real property. I can see several other dispositive grounds but understand and agree with the trial court's decision to grant summary judgment on the statute of frauds based upon the facts as presented by the majority.

9. § 26.01. **Promise or Agreement Must Be in Writing**

  (a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is
    (1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.
  (b) Subsection (a) of this section applies to:
    (4) a contract for the sale of real estate....

10. I agree with Peter that it is undisputed the first two elements of *Hooks v. Bridgewater* collateral estoppel have been met—payment of consideration and entry into possession. In a nutshell, the question is whether the evidence of the first element, payment of consideration, also meets the third element. Since no permanent and valuable improvements were made to the property with the consent of Peter, Louis must rely upon other facts demonstrating the buyer would be defrauded if the agreement is not enforced.

to prove the existence of the parol agreement relied upon by the plaintiff. Maj. Op., pg. 399.

The only acts relied upon by Louis to take the contract he alleges he made out of the application of the statute of frauds is the payment of money.[11] Under Louis's theory, this was purchase money. Under Peter's theory, this was rent money. These payments thus fail the test quoted above—to be the type act that could have been done with no other purpose than to fulfill the purchase agreement Louis contends he made with Peter.[12]

If this type of payment is all it takes to avoid the protection of the statute of frauds, every landlord should be very concerned that any long term tenant will argue: those were not rent payments; they were purchase money payments for the purchase of the property I was occupying.

In the final analysis, we either have the protection of a statute of frauds to prevent testimony about oral agreements to convey real property or we do not have that protection. If what Louis has presented qualifies as evidence of an equitable exception to the statute of frauds, the protection has been reduced to a toothless tiger of little use in the efficient resolution of the high cost of litigating real estate disputes. I note that if Louis is the one who is misrepresenting the terms of the parties's agreement and loses at trial, he still received a place to live for a number of years. But if the jury accepts his misrepresentation, not only did he get to live there for a number of years, he now gets a deed to the property!

I think this is precisely the type of effort to enforce an alleged oral agreement to convey real property that the statute of frauds was designed to avoid. The legislature made the decision that, notwithstanding that some victims of fraud would be deprived a legal remedy, certainty in transactions involving the conveyance of real property was more important for the public. Only by the application of the statute of frauds can persons avoid protracted litigation over alleged oral agreements to convey real property.

In summary, where is the protection for Peter to be able to avoid this type litigation? Peter must have a written agreement that Louis's occupancy is no more than as a tenant at will; but wait, a written agreement is the type of protection you are supposed to need if the agreement is to convey property, not rent it month to month. Yes, I believe the exception as applied in this proceeding has swallowed a large part of the rule.

I respectfully dissent.

TOM GRAY

Chief Justice

---

11. The act of moving onto the property is undisputed. Louis cannot use the traditional *Hooks v. Bridgewater* elements because he does not assert or attempt to establish by summary judgment proof that he made valuable improvements to the property; thus, he must show some other facts that would constitute a fraud on him. I contend that payment, alone, is not adequate to meet this sub-element to show fraud, thus avoiding the application of the statute of frauds.

12. As to the unsigned memo relied upon so strongly by Louis as evidence of something, there are many problems. Not only does it fail as a memorandum because it is unsigned, the timing of its preparation is not established, who prepared it is not established, for what purpose it was prepared is not established, and it is as supportive of Peter's position that this was not a memorandum of sale as it is of Louis's explanation that this is how they were going to share expenses if they entered into a joint venture, something both of them agree they did not do.

Dissenting opinion delivered and filed March 19, 2008