

## NUMBER 13-07-00708-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**MANUEL CHAVEZ AND WIFE, ELODIA CHAVEZ,**　　　　　**Appellants,**

**v.**

**VIRGINIA Q. BRAVO AND MARTIN CANTU,**　　　　　**Appellees.**

### On appeal from the 93rd District Court of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez**

Appellants, Manuel Chavez and wife, Elodia Chavez, sought a declaratory judgment that they had an enforceable contract with appellees, Virginia Bravo and Martin Cantu, for the sale of a house and that Bravo and Cantu breached the contract. Bravo and Cantu filed a traditional motion for summary judgment asserting, among other defenses, the statute of frauds and that no issues of material fact existed. Without specifying the grounds for its decision, the trial court granted Bravo and Cantu's motion for summary

judgment. In three issues, the Chavezes challenge the summary judgment. We affirm.

## I. BACKGROUND

### A. The Dispute

The Chavezes allege that on or about May 25, 1998, they entered into a verbal agreement with Bravo's late husband, Erasmo Bravo, to purchase a home located in Alamo, Texas. According to the Chavezes, they agreed to a purchase price of $65,000, comprised of a $2,000 "down payment" and monthly installments of $500. It is undisputed that the Chavezes moved into the home and made monthly payments to Bravo from June 1998 to December 20, 2005.

After Erasmo's death, Virginia Bravo sold the Alamo home to Cantu via a warranty deed executed on November 7, 2005. Cantu asserts that, after obtaining ownership of the home, he provided the Chavezes with verbal and written notice to vacate the premises. Both Cantu and Bravo claim that the monthly payments from the Chavezes represent rental payments and that no contract for sale between Erasmo and the Chavezes was ever consummated.

On January 26, 2006, Cantu filed a verified original petition for forcible entry and detainer against Manuel Chavez with the Justice Court, Precinct 2, Place 1 of Hidalgo County. The Chavezes were subsequently ordered to vacate the Alamo home.

On July 3, 2006, the Chavezes filed suit in the 93rd District Court of Hidalgo County seeking a determination that they had an enforceable contract with Bravo that had been breached by Bravo and Cantu's refusal to receive payments for the house after December 20, 2005, and in evicting them from the property.[1] Bravo and Cantu answered with a

---

[1] A forcible detainer action is not exclusive, and a party is entitled to bring a separate suit in district court to determine the issue of title. *See Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex. App.–Corpus Christi 2002, no pet.).

general denial and asserted the statute of frauds, among others, as an affirmative defense. On September 14, 2007, Bravo and Cantu filed a traditional motion for summary judgment asserting that: (1) the action was barred by res judicata and collateral estoppel; (2) the action was barred by the statute of frauds; and (3) there were no genuine issues of material fact that prevented granting a summary judgment. The Chavezes responded that the doctrine of partial performance applied to avoid the statute of frauds. The trial court granted Bravo and Cantu's motion for summary judgment on unspecified grounds. This appeal ensued.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A defendant is entitled to summary judgment if it conclusively negates at least one of the essential elements of a plaintiff's cause of action or conclusively establishes all necessary elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). Only when the defendant establishes its right to summary judgment, does the burden shift to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

We review the trial court's summary judgment de novo and consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756

3

(Tex. 2007) (per curiam) (citing *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam)). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *See id.* at 755. Where, as here, a trial court does not specify the grounds upon which it relied in granting a summary judgment, we will affirm if any ground is meritorious. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995).

## B.    Applicable Law

A contract for the sale of land must comply with the statute of frauds. TEX. BUS. & COM. CODE ANN. § 26.01(b)(4) (Vernon 2009); *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978); *Garrod Invs., Inc. v. Schlegel*, 139 S.W.3d 759, 763 (Tex. App.–Corpus Christi 2004, no pet.). Section 26.01 of the business and commerce code requires that the contract be in writing and signed by the party against whom enforcement is sought. TEX. BUS. & COM. CODE ANN. § 26.01(a); *Garrod Invs., Inc.*, 139 S.W.3d at 763. Further, the statute of frauds is an affirmative defense. *Garrod Invs., Inc.*, 139 S.W.3d at 763. Whether a contract meets the requirements of the statute of frauds is a question of law. *Bratcher v. Dozier*, 346 S.W.2d 795, 796 (Tex. 1961); *Lathem v. Kruse*, 290 S.W.3d 922, 926 (Tex. App.–Dallas 2009, no pet.).

Because it is undisputed that the contract for the sale of the Alamo property, if any, was oral, Bravo and Cantu have established their right to summary judgment on this claim as a matter of law. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *LaCour v. Lankford Co., Inc.*, 287 S.W.3d 105, 110 (Tex. App.–Corpus Christi 2009, pet. denied) ("[T]he defendant-movant must present summary judgment evidence that

4

establishes each element of the affirmative defense as a matter of law."). Once the defendant-movant has presented sufficient summary judgment evidence, the non-movant must produce summary judgment proof raising a fact issue in avoidance of the affirmative defense. *LaCour*, 287 S.W.3d at 109-10.

The Chavezes admit that the contract was not in writing; however, they assert that their partial performance of the contract takes it out of the statute of frauds. Under the partial performance exception to the statute of frauds, an oral contract for the purchase of real property is enforceable if the purchaser: (1) "pays the consideration"; (2) "takes possession of the property"; and (3) "makes permanent and valuable improvements on the property with the consent of the seller, or without such improvements, other facts are shown that would make the transaction a fraud on the purchaser if the oral contract was not enforced." *Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992) (citing *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1116 (1921)); *Pickett v. Keene*, 47 S.W.3d 67, 76 (Tex. App.–Corpus Christi 2001, pet. dism'd). "These steps are seen as sufficient evidence of the agreement because they provide affirmative corroboration of the agreement by both parties to the agreement." *Boyert*, 834 S.W.2d at 63.

## C. Analysis

In their second and third issues, the Chavezes contend that the trial court erred in granting summary judgment because they presented sufficient evidence to raise a genuine issue of material fact on the partial performance exception to the statute of frauds. It is undisputed that no written contract to sell the Alamo home existed; therefore, the burden shifted to the Chavezes to show why summary judgment should not be granted. *See id.*

The Chavezes's summary judgment evidence consisted of receipts of various

5

payments made to the Bravos from April 1998 to December 2005 and a notarized affidavit

bearing the signatures of both Manuel and Elodia Chavez. The Chavezes' affidavit

provides:

> On or about May 25, 1998, Jose Manuel Chavez along with my wife[,] Elodia Chavez[,] entered into an agreement with Erasmo Bravo to purchase the property located at 1017 Frontage Road in Alamo, Texas. The purchase price of $65,000.00 was to be paid in monthly installments of $500.00 and we were also to pay taxes and insurance. There was no interest to be charged. We paid a downpayment [sic] of $2,000.00 . . . .
>
> We took possession of the house and began making monthly payments in June of 1998. . . .
>
> . . . .
>
> We are ready to continue to make payments on the contact [sic]. We have spent money fixing the house and making improvements to it and do not want to lose it. As of today, we have paid over $45,000.00 of the $65,000.00 sale price.

In the present case, neither Bravo nor Cantu contend that the Chavezes were not

in possession of the Alamo house or that no consideration was paid. Therefore, we must

determine whether the Chavezes presented some evidence that they made permanent and

valuable improvements with Bravo or Cantu's consent or that they would be defrauded if

the oral agreement is not enforced. *See Boyert*, 834 S.W.2d at 63. "In order to be

valuable, the improvements must be substantial and add materially to the value of the

property." *Fandey v. Lee*, 880 S.W.2d 164, 170 (Tex. App.–El Paso 1994, writ denied).

When there is no evidence of valuable or permanent improvements, the third element of

a claim of partial performance may be met where "other facts are shown that would make

the transaction a fraud on the purchaser if the oral contract was not enforced." *Boyert*, 834

S.W.2d at 63; *Pickett*, 47 S.W.3d at 76.

The Chavezes attached a receipt to their affidavit indicating that a $2,000 payment

6

was made on April 28, 1998; they also attached several receipts indicating that they made numerous $500 payments between June 1998 and December 20, 2005. While the statements in the affidavit and the copies of receipts serve as some evidence that the Chavezes paid consideration for the house, there is no evidence that the Chavezes made any "permanent" or "valuable" improvements to the house with either Bravo's or Cantu's consent. The Chavezes provided no receipts of payments made on improvements towards the house, nor made any indication that they spent a substantial amount of money fixing the house and making improvements to it. Moreover, the Chavezes did not provide any evidence of specific improvements made to the property, and thereby failed to provide the trial court with evidence that permanent improvements were made. Accordingly, the evidence before us is not sufficient to raise a fact issue as to whether the Chavezes made valuable and permanent improvements to the house with either Bravo or Cantu's consent. *See Hammonds v. Calhoun Distrib. Co., Inc.*, 584 S.W.2d 473, 475 (Tex. Civ. App.–Texarkana 1979, writ ref'd n.r.e.).

In *Lovett v. Lovett*, an alleged property buyer filed suit against a seller for fraudulent inducement, alleging that the seller failed to transfer title to a piece of property that the seller had orally contracted to sell. 283 S.W.3d 391, 392-93 (Tex. App.–Waco 2008, pet. denied). The trial court granted the seller's motion for summary judgment premised on a statute of frauds defense. *Id.* at 392. On appeal, the Waco Court of Appeals determined that because the buyer presented evidence that he suffered "'a serious change of position in reliance upon the oral contract,'" a genuine issue of material fact remained as to whether failing to enforce the contract would cause the seller to be defrauded. *Id.* at 395 (quoting *Cowden v. Bell*, 157 Tex. 44, 300 S.W.2d 286, 290 (1957)). The court noted that a "serious change" requires "something more than the mere payment of consideration such

that the buyer 'will suffer an additional and substantial out-of-pocket loss' if the seller is permitted to avoid the contract." *Id.* at 395 (quoting *Cowden*, 300 S.W.2d at 290). The court held that the buyer presented sufficient evidence of such a "serious change" because he presented evidence that "his wife and he moved from Arizona to Texas in reliance on the agreement and that he paid ad valorem taxes for 'at least three years' in reliance on the agreement." *Id.* at 395.

Unlike the facts in *Lovett*, the Chavezes' affidavit does not set forth evidence raising a genuine issue of material fact with regard to whether the transaction would be a fraud on them if the purported oral contract was not enforced. The present case is distinguishable from *Lovett* because, although the Chavezes' affidavit states that as a term of the contract they "were . . . to pay taxes and insurance," there is no evidence that they actually made tax or insurance payments. *See Boyert*, 834 S.W.2d at 63*; Lovett*, 283 S.W.3d at 395. No evidence presented by the Chavezes indicated that they would "suffer an additional and out of pocket loss." Based on the record before us, we find no evidence that raises a fact issue as to whether the transaction would be a fraud on the Chavezes if the purported oral contract was not enforced. *See id.*

Based on the foregoing, we conclude that the Chavezes failed to bring forth evidence raising a fact issue. Accordingly, the Chavezes' second and third issues are overruled.

### III. CONCLUSION

Having overruled the Chavezes' second and third issues, we conclude the trial court did not err in granting Bravo and Cantu's motion for summary judgment.[2] The trial court's

---

[2] Having determined that summary judgment was proper based on the statute of frauds, we need not address the Chavezes' first issue regarding res judicata and collateral estoppel because it is not dispositive of this appeal. *See* TEX. R. APP. P. 47.1; *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.

order granting summary judgment is affirmed.

                                             ROGELIO VALDEZ
                                             Chief Justice

Delivered and filed the
28th day of January, 2010.

1995).